**Walter YEFREMNKO, Petitioner-Appellant,**

**v.**

**Harry LAUF, Records Clerk, Harold R. Swenson, Warden, of the Missouri State Penitentiary, Respondents.**

**No. 25247.**

Kansas City Court of Appeals, Missouri.

Feb. 2, 1970.

Edgar M. Eagan, Jefferson City (Appointed by the Court), for appellant.

John C. Danforth, Atty. Gen., Charles A. Blackmar, Asst. Atty. Gen., Jefferson City, for respondents.

SPERRY, Commissioner.

Petitioner is a prisoner and inmate of the Missouri Penitentiary, at Jefferson City, Missouri. Without benefit of counsel he filed a petition wherein he sought to have the circuit court of Cole County order respondents to remove certain information and documents from his official record and file in the penitentiary. The circuit court summarily denied the petition and petitioner was permitted to appeal as a pauper. He is represented here by court appointed counsel.

The transcript contains the following written instrument, to-wit:

## "PETITION FOR A WRIT OF MANDAMUS

"Comes now, Walter *Yefermenko,* the petitioner and respectfully states; that he is illegally and unduly being *haressed* (sic) by a unjurisdictional extradition detainer placed upon him by Fort Wayne, Indiana City Police Court in the records office of the Missouri State Penitentiary; That deprives the petitioner from outside assignments, probation considerations, etc, *ect*; When said detainer is not a legal claim permitted under extradition law, chapter 548 R.S.Mo.1959; uniform criminal extradition act, 3; *ect,* but merely a nuisance detainer, *ficticious* (sic) in nature, unpermissible and a abuse of extradition and detainer procedures, See 55 A.L.R. 353.

"Wherefore, petitioner prays the Court to order the respondents to show cause, if cause may be shown, and if cause may not be shown by law as stated in the above; The petitioner prays the Court to issue a writ of mandamus directing said detainer nuisance be removed from against the petitioner hence forthwith according to law and procedures relative thereto".

Counsel for the petitioner treats the petition as one for a writ of mandamus and we adopt that view.

Section 509.050, R.S.Mo., 1959, V.A.M.S., provides in part as follows:

"509.050. *Pleading Setting Forth Claims for Relief, Contents.*—A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim or third-party claim shall contain a short and plain statement of the *facts showing that the pleader is entitled to relief,* and a demand for judgment for the relief to which he deems himself entitled. \* \* \*". (Emphasis ours.)

█ It is noted that a petition for relief must contain *facts* upon which the claim is based. The petition relied on in this case does not contain any material *facts* except that petitioner is confined to the penitentiary, and that there appears on or in his record a notice or claim for extradition. He states, as a conclusion, that the notice of claim for extradition is unlawful and that it operates as a "hold" order. He pleads, as a conclusion that, as a consequence of the "unlawful" detainer he is denied certain privileges "outside assignments, probation considerations, etc; ect" He states as a conclusion that said "detainer is not a legal claim permitted under extradition law 548 R.S.Mo.1959"; that it is a "nuisance detainer, fictitious in nature, unpermissible and a abuse of extradition and detainer procedures". He does not attempt to point out to the court the petition or elsewhere, in what manner the detainer is "unpermissible". Furthermore, we believe it is nothing but a vague conclusion, not based on pleaded facts, to contend that such "detainer" deprives petitioner of outside assignments and probation considerations. We are not informed in this proceeding as to what outside privileges he may be entitled to, or what probation considerations. We are likewise not informed as to whether there are other reasons for denial by the responsible officers of the prison of such privileges. There may be disciplinary rules that petitioner has violated that could account for his claimed illegal restrictions. The court

cannot determine these things from an examination of the petition.

 The writ of mandamus is a hard and fast writ. It should be issued only in cases where it is the clear ministerial duty of the officer involved to do that which he is ordered to do. The duty must be simple and definite, arising under conditions that are admitted or proved and are imposed by law. It will not issue where the right alleged is doubtful. State ex rel. Phillip v. Public School Retirement System, 364 Mo. 395, 262 S.W.2d 569, 579 et seq. The purpose is to execute, not adjudicate. The issuance of the alternative writ is always discretionary. State v. Public School Retirement System, supra, 1. c. 574.

The judgment is affirmed.

MAUGHMER, C, concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court.

All concur.