STATE ex rel. James E. RINEY et al., Relators,

v.

Mayo J. ANDERSON, County Clerk of Caldwell County, Missouri, Respondent.

No. 59274.

Supreme Court of Missouri, En Banc.

April 14, 1976.

John C. Danforth, Atty. Gen. by Clarence Thomas, Jefferson City, for relators.

James A. Broshot, James S. Millett, Kingston, for respondent.

PER CURIAM:

Involved herein is an action brought at the relation of the State Tax Commission to require the County Clerk of Caldwell County, Missouri, to compute and extend taxes based on an aggregate valuation of real and tangible personal property as determined by the Commission under § 138.400.3, RSMo 1969. A duty to comply is imposed on the Clerk under § 138.060.2, RSMo 1969.

 The cause has been submitted upon written briefs and oral arguments. We hold that a decision herein is dictated by a previous opinion of this court. In *State ex rel. State Tax Commission v. Briscoe*, 451 S.W.2d 1, 5 (banc 1970), it was held that:

The county clerk must perform the ministerial duties enjoined upon him by law and must extend and compute the taxes on the valuations set by the state tax commission. If it finally turns out that some individual taxpayer in Johnson County is charged with a higher amount of tax than he would have had under the assessment and rate as originally proposed by the county board, he can have his day in court if he so desires by resort to the payment of taxes under protest procedure prescribed in Senate Bill No. 39, 75th General Assembly, effective October 13, 1969, now Sec. 139.031, see Ver-

non's Mo. Legislative Service, No. 2, p. 159. This statute also provides a procedure for refund of taxes mistakenly or erroneously paid.

Respondent asserts that mandamus should not issue because there is an action pending in the circuit court in which various plaintiffs (including respondent) seek review of the very order the Commission seeks to enforce in this proceeding. This question was decided in *May Department Stores Co. v. State Tax Commission*, 308 S.W.2d 748 (Mo.1958), wherein it was held that orders of the Commission, such as the one involved here, are not subject to review in the manner respondent and the other plaintiffs have attempted in the other action. Thus, the pendency of the same does not preclude issuance of the writ of mandamus here.

Writ made peremptory.

All concur.