STATE of Missouri ex rel. James E.
RINEY et al., Relators,

v.

David W. MASON, County Clerk of Bu-
chanan County, Missouri, Respondent.

No. 59370.

Supreme Court of Missouri,
En Banc.

May 27, 1976.

John C. Danforth, Atty. Gen. by Clarence
Thomas, Asst. Atty. Gen., Jefferson City,
for relator.

Richard A. Heider, St. Joseph, for respon-
dent.

PER CURIAM:

The state tax commission petitioned for a
writ of mandamus requiring the respondent
county clerk of Buchanan County to com-
pute and extend taxes for 1975 based on an
aggregate valuation of real and tangible
personal property as determined by the
commission under § 138.390 and § 138.-
400(3), RSMo 1969. Sections 137.235, 138.-
060 and 138.080, RSMo 1969, impose a duty
upon the county clerk to comply.

This case, which has been briefed
and argued, is another in a series of cases
where there is a reluctance on the part of
the county clerk to follow through on com-
puting and extending the taxes so as to
meet the aggregate valuation in the county
as fixed by the state tax commission, and
the outcome is determined by application of
the rules and principles set forth in earlier
cases. State ex rel. State Tax Commission
v. Briscoe, 451 S.W.2d 1 (Mo. banc 1970);
State ex rel. Riney v. Anderson, 536 S.W.2d
161 (Mo. banc, 1976). As has repeatedly
been declared, the duty of the county clerk
to comply with the orders of the state tax
commission is ministerial, clear and una-
voidable. The fact that the abstract of
taxable property originally returned by the
clerk to the commission under § 138.390,
supra, contained a valuation error of ap-

proximately four and one half million dollars which was not discovered by the clerk's office until the individual tax statements were almost in readiness for mailing does not excuse the clerk from complying with the commission's order equalizing the valuation. The clerk is required to proceed with extension and computation of taxes on the valuations of real estate at $117,372,660, in compliance with figures set forth in the commission's amended order of June 27, 1975.

Writ made peremptory.

All of the Judges concur.