**STATE of Missouri at the relation of James E. RINEY et al., Relators,**

v.

**W. E. CLOUSE, County Clerk of Saline County, Missouri, Respondent.**

**No. 59360.**

Supreme Court of Missouri,
En Banc.

May 27, 1976.

John C. Danforth, Atty. Gen. by Clarence Thomas, Asst. Atty. Gen., Jefferson City, for relator.

Rick R. Wilson, Pros. Atty., Saline County, William T. Bellamy, Marshall, for respondent.

PER CURIAM:

This petition for a writ of mandamus was brought at the relation of the state tax commission. As in *State ex rel. Riney et al. v. Mason*, Mo., 537 S.W.2d 181, No. 59370, also decided this date, the relator seeks to require the respondent county clerk (here of Saline County) to compute and extend taxes based on an aggregate valuation of real and tangible personal property as determined by the commission under §§ 138.390 and 138.400(3), RSMo 1969. Sections 137.-235, 138.060 and 138.080, RSMo 1969, im-

pose a duty upon the county clerk to comply.

The issues raised in this case, which was submitted on briefs without oral argument, are settled by earlier cases. *State ex rel. State Tax Commission v. Briscoe*, 451 S.W.2d 1 (Mo. banc 1970); *State ex rel. Riney v. Anderson*, 536 S.W.2d 161 (Mo. banc 1976). The excuse advanced by the clerk that the letter of July 10, 1975 from the commission which accompanied its report of valuations changes saying that it did not expect the increase to "be put on as a blanket increase, but rather in an equitable manner, decreasing those ratios above the statutory 33⅓%, leaving those now at 33⅓% as is and increasing those which are below the 33⅓% ratio in order to create equality and fairness in total tax payments" was an order for him to exercise discretion, thus removing him from the reach of mandamus, is not valid. The quoted language was advice directed, of course, at the county board of equalization, which was required to meet on July 14, 1975, § 138.010, RSMo 1969, and to which the clerk was required to deliver the report of the commission, § 138.400(2), RSMo 1969. The clerk's duties remained unchanged and are ministerial, clear and unavoidable. Respondent is ordered to compute and extend the taxes for 1975 upon valuations which in the aggregate are not less than the $46,-424,159 figure on real estate set by the relator in its order of July 10, 1975.

Writ made peremptory.

All of the Judges concur.