STATE ex rel. Theron MANTLE et al., Appellants,

v.

Joseph M. McCUSKEY et al., Respondents.■

No. 38234.

Missouri Court of Appeals, St. Louis District, Division Three.

April 12, 1977.

Inglish & Calhoun, John W. Inglish, Jefferson City, for appellants.

Robert L. Hyder, Hyder & McHenry, Jefferson City, Lowell R. McCuskey, Pros. Atty. Osage County, Linn, for respondents.

GUNN, Judge.

Relators-taxpayers filed a mandamus action against Respondents, members of the Board of Education of Osage County Reorganized School District No. 2, to require Respondents to revise and lower the school district tax rate. The trial court initially executed an alternative writ of mandamus against Respondents but on motion quashed the writ on the basis that the Relators by payment of the school tax under protest had adequate remedy available to them. Relators have appealed the order quashing the alternative writ and on appeal raise as the sole issue whether payment of the school tax under protest is an adequate remedy for Relators. We find no error in the trial court's quashing the alternative writ and affirm the judgment.

The basic thrust of Relators' petition for writ of mandamus is that on July 15, 1975, according to § 164.011 RSMo Supp.1975,[1] Respondents adopted an operating budget for the ensuing year prepared from estimates of tax revenues to be received based upon the assessed valuation of real and personal property in Osage County for the previous year. Relators alleged that after July 15, 1975, the State Tax Commission increased the assessed valuation of the real and personal property in Osage County by more than ten percent; that by reason of the increased assessment, Respondents were required under § 137.073 RSMo 1969 to revise and lower the rate of tax levy so as to produce the same amount of revenue as had been estimated on July 15, 1975.[2] Relators contend that Respondents failed to revise the tax rate to take the increased tax assessment into consideration. Therefore, Relators brought a mandamus action to compel Respondents to revise and lower the tax rate by reason of the over ten percent increase in assessments.

The trial court initially issued an alternative writ of mandamus commanding Re-

1. Section 164.011 RSMo Supp.1975 requires school boards to prepare annually an estimate of the amount of money to be raised by taxation for the ensuing school year, together with the tax rate required to raise the estimated amount. The school board is required to send the estimate to the county clerk by July 15.

2. Section 137.073 provides in pertinent part:

"Whenever the assessed valuation of real or personal property within the county has been increased by ten per cent or more over the prior year's valuation, either by an order of the state tax commission or by other action, and such increase is made after the rate of levy has been determined and levied by the . . . school board, . . . or other bodies legally authorized to make levies, and certified to the county clerk, then such taxing authorities shall immediately revise and lower the rates of levy to the extent necessary to produce from all taxable property substantially the same amount of taxes as previously estimated to be produced by the original levy. Where the taxing authority is a school district it shall only be required hereby to revise and lower the rates of levy to the extent necessary to produce from all taxable property substantially the same amount of taxes as previously estimated to be produced by the original levy, plus such additional amounts as may be necessary approximately to offset said district's reduction in the apportionment of state school moneys due to its increased valuation. The lower rate of levy shall then be recertified to the county clerk and extended upon the tax books for the current year. * * *"

spondents to revise and lower the tax rate to comport with § 137.073. Subsequently, Respondents filed their return to the alternative writ specifically denying, inter alia, that the assessed valuation was increased by ten percent or more[3] and that Relators had adequate remedy by way of paying the tax under protest.

Thereafter, upon motion of Relators, the trial court issued an order restraining Osage County and school district officials from distributing funds received based on the July 15, 1975 levy. The restraining order was subsequently dissolved, and Relators do not challenge that action and, in fact, ask that it "be ignored."

Finally, the trial court issued its order quashing the alternative writ and finding that the Relators "have a specific, adequate and efficient remedy at law to obtain substantially the relief sought in their Petition for Writ of Mandamus." Relators have appealed from that order and raise the issue that payment of the taxes under protest is not an adequate remedy.

■■■ Limited to the specific facts of this case, we believe that the provisions of § 139.031 RSMo Supp.1975, allowing payment of the tax under protest, gives Relators adequate remedy at law.[4] As stated in *John Calvin Manor, Inc. v. Aylward,* 517 S.W.2d 59, 62 (Mo.1974): "Sec. 139.031 provides the taxpayer with a procedure whereby he can obtain an adjudication of the legality of a tax imposed upon him." The court in *John Calvin Manor v. Aylward,* supra, specifically recited that § 139.031 provides an adequate remedy for adjudication of certain challenges to tax assessments, including the type of challenge before the court here.[5] *State ex rel. State Tax Commission v. Briscoe,* 451 S.W.2d 1 (Mo. banc 1970), and *State ex rel. Riney v.*

*Anderson,* 536 S.W.2d 161 (Mo. banc 1976), also note that if the individual taxpayer is overcharged by reason of a tax rate based on a higher assessment, "he can have his day in court if he so desires by resort to the payment of taxes under protest procedure prescribed in" § 139.031. *State ex rel. State Tax Commission v. Briscoe,* supra at 5.

■■■ A writ of mandamus will be granted only upon the Relators showing a clear and specific right thereto. *State ex rel. Dyke v. Spradling,* 536 S.W.2d 839 (Mo. App.1976). It does not lie where there is another adequate remedy available at law. *State ex rel. Crites v. West,* 509 S.W.2d 482 (Mo.App.1974); *State ex rel. Coffman v. Crain,* 308 S.W.2d 451 (Mo.App.1958). And, of course, the issuance of an alternative writ of mandamus is always within the court's discretion. *Yefremnko v. Lauf,* 450 S.W.2d 462 (Mo.App.1970). If adequate legal remedy exists for Relators through § 139.031, which it does, the trial court by finding adequate legal remedy available did not abuse its discretion in quashing the alternative writ of mandamus. *State ex rel. Phillip v. Public School Retirement System,* 364 Mo. 395, 262 S.W.2d 569 (banc 1953); *State v. Terte,* 351 Mo. 1089, 176 S.W.2d 25 (banc 1944).

Cases cited by Relators are not appropriate, for they either do not deal with mandamus, or an adequate remedy at law—such as offered by § 139.031—was not available.

The judgment is affirmed.

KELLY and WEIER, JJ., concur.

---

**3.** In their brief, Respondents assert that the increased assessment was only 9.86 percent, but the record is barren of such fact.

**4.** See *Southwestern Bell Tel. Co. v. Feuerstein,* 529 S.W.2d 371 (Mo.1975), on entitlement of a taxpayer to interest on taxes paid under protest.

**5.** It was also held in *John Calvin Manor, Inc. v. Aylward,* supra, that § 139.031 was not an exclusive remedy for challenge to a tax assessment, but that a suit for injunctive relief would also lie. Of course, Relators have asked us to ignore the issue of injunctive relief which was initially granted and then dissolved by the trial court.