REGAL-TINNEYS GROVE SPECIAL ROAD DISTRICT OF RAY COUNTY, Missouri, et al., Plaintiffs-Appellants,

v.

Monroe FIELDS et al., Defendants-Respondents.

No. 60003.

Supreme Court of Missouri, En Banc.

July 11, 1977.

---

Norman M. Rankin, Kansas City, for plaintiffs-appellants.

David L. Busch, Richmond, for defendants-respondents.

FINCH, Presiding Judge.

This is an appeal from an order dismissing plaintiffs' petition for declaratory judgment on the basis that it failed to state facts sufficient to constitute a cause of action. An appeal was directed to the Missouri Court of Appeals, Kansas City District, but that court ordered the case transferred to this court for the reason that it involves construction of a revenue law of the state and that exclusive appellate jurisdiction is vested in the Supreme Court. Cited in support of that conclusion was *State ex rel. Attorney General v. Adkins,* 221 Mo. 112, 119 S.W. 1091 (1909), in which the court, in considering a question of jurisdiction under the constitutional proviso conferring jurisdiction on the Supreme Court in cases "involving * * * the construction of the revenue laws of this state" (presently Mo.Const. art. V, § 3), held "* * * that the term 'revenue law' covers and includes laws relating to the disbursement of the revenue and its preservation, as well as provisions relating to the

assessment, levy, and collection of it; * *." 119 S.W. at 1093. We conclude that we do have jurisdiction. We reverse and remand.

Plaintiffs are three special road districts located in Ray County, Missouri, organized under provisions of §§ 233.010 to 233.165.[1] Defendants are the three judges of the County Court of Ray County and the other five special road districts in the county. Only the three county judges have filed pleadings. At times, they will be referred to herein as defendants.

The first amended petition, liberally construed, alleged the following:

(1) that each of the eight special road districts has exclusive control over county roads located within their district and are obligated to keep said roads in as good repair as the means at their command will permit;

(2) that the eight special road districts have exclusive control over approximately one-half of all Ray County roads;

(3) that the County Court of Ray County has exclusive control over and responsibility for the remaining one-half of the county roads;

(4) that the Ray County Court receives from the state, out of the county aid trust fund (CART), certain funds which under the provisions of § 231.441, Missouri Laws of 1973, must be used within the county solely for the construction, reconstruction, maintenance and repair of roads, bridges and highways as the county court shall direct;

(5) that § 231.441 requires that the county court formulate and file with the county recorder written regulations which establish rules and policies for use of such funds;

(6) that this statutory provision means that the county court must establish a plan for construction, repair and maintenance of county roads, including a method and policy for disbursement of CART funds and then for the use thereof;

(7) that the county court has established road specifications which govern the method and procedure which shall govern all work done in whole or in part with CART funds but those specifications fail to provide those things enumerated in (6) above, all of which are required by § 231.441;

(8) that a controversy exists between plaintiffs and the county court, plaintiffs contending that § 231.441 does require the county court to do those things enumerated above and that under said statute the special road districts have certain rights to CART funds which must be spelled out in the county court's regulations but that the county court contends that the special road districts have no right to CART funds and that the road specifications filed by the county court with the recorder of deeds complies with the requirements of § 231.-441.

In response to the first amended petition, defendants filed a motion to dismiss for failure to state a cause of action. That squarely raised the question of whether under Rule 87.02, V.A.M.R.,[2] plaintiffs, as governmental entities which have exclusive control over certain portions of the county roads in Ray County and which both desire to apply for and receive (and from time to time do receive) CART funds for expenditure, pursuant to the requirements of § 231.441, on the county roads under their control, are entitled to a declaratory judgment determining the meaning of § 231.441 and whether, by filing with the county recorder the document entitled "Ray County Roads Specifications (1973) General Re-

1. All statutory references are to RSMo 1969 unless otherwise indicated.

2. Rule 87.02(a), which is pertinent to this case, provides as follows:

"(a) Persons Interested Under Deeds—Wills—Contracts—Statutes and the Like. Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder."

The foregoing rule is identical with § 527.020.

quirements and Covenants" the defendants have satisfied the requirements of said statutory provision.

■ A declaratory judgment action provides an appropriate method of determining controversies concerning the construction of statutes and powers and duties of governmental agencies thereunder, provided the court is presented with a justiciable controversy, ripe for determination, brought by someone with standing by reason of having a legally protectable interest at stake, in a case wherein a judgment conclusive in character which settles the issues involved may be entered. *City of Camdenton v. Sho-Me Power Corp.*, 361 Mo. 790, 237 S.W.2d 94 (1951); *City of Joplin v. Jasper County*, 349 Mo. 441, 161 S.W.2d 411 (1942). See also *ABC Security Service, Inc. v. Miller*, 514 S.W.2d 521 (Mo.1974). We must consider whether those requirements are met in this case.

■ Plaintiffs' first amended petition presents an existing controversy between plaintiffs and defendants as to the meaning of § 231.441 and whether the road specifications prepared and filed by defendants comply with the statutory requirement of written regulations which state rules and policies for the use of such funds. Plaintiffs contend that such regulations should set out a plan for use of the funds which would specify priorities in use of CART funds in accomplishing a plan for construction, repair and maintenance of the county road system and that plaintiffs are entitled to and need to know that plan and those priorities. These will affect application for and allocation of funds and how plaintiffs spend money which is allocated to them by the county court. This is a real, not a hypothetical, controversy. If plaintiffs are correct in their interpretation of the statute, then the road specifications, although appropriate as a directive for methods of construction, do not establish an overall plan for construction, repair and maintenance of the county road system or a set of priorities to be followed in accomplishing the overall plan. In that event, it is appropriate and necessary that the court so state and direct

that appropriate regulations be prepared and filed. If, on the other hand, what defendants have done is a sufficient compliance with § 231.441, then the court should resolve the existing controversy so that the parties can act on that basis. This dispute presents an actual justiciable controversy which is ripe for resolution.

■ Defendants argue that plaintiffs have no legally protectable interest which would entitle them to maintain this action. We conclude otherwise. Plaintiffs are obligated to expend CART funds as required by § 231.441 as well as in accordance with Mo.Const. art. IV, § 30(a), which provides for establishment of the CART fund and for what purposes those funds are to be expended. Regulations issued by defendants pursuant to § 231.441 directly affect plaintiffs in the performance of their responsibility for construction, repair and maintenance of county roads within their boundaries. Plaintiffs have a sufficient interest to entitle them to maintain this action. Furthermore, a judgment declaring the meaning of § 231.441 and what it requires in the way of regulations, including the sufficiency of what defendants have issued and filed, will settle the issues involved.

■ Finally, defendants argue that the trial court was correct in dismissing the amended petition because the county court has discretion in the case of the CART funds and there were no allegations in the petition of an abuse of discretion by the county court. We disagree. The petition is not drafted on the theory that plaintiffs are entitled to some specific percentage of CART funds or a greater percentage than they have received or that there has been an abuse of discretion in allocation of the funds. Rather, as previously noted, the controversy relates to whether § 231.441 requires the county court to promulgate regulations which spell out a policy which shall govern how the funds are allocated to accomplish an overall plan spelled out in the regulations, and what the procedure will be whereby the funds will be allocated. That controversy has not been resolved by the

dismissal of the petition. The court has not declared the meaning of the statute and the respective obligations and rights thereunder.

We hold that the court erred in dismissing plaintiffs' petition for failure to state a cause of action. Accordingly, the case is reversed and remanded for further proceedings.

All concur.