## C & D INVESTMENT COMPANY, Plaintiff-Appellant,

v.

## Hon. Mike BESTOR, Defendant-Respondent.

### No. KCD 30461.

Missouri Court of Appeals, Western District.

July 8, 1980.

Charles C. Shafer, Jr., Kansas City, for plaintiff-appellant.

R. Jay Ingraham, County Counselor, Michael F. Dandino, Associate County Counselor, Kansas City, for defendant-respondent.

Before WASSERSTROM, C. J., Presiding, and DIXON and SOMERVILLE, JJ.

DIXON, Judge.

The trial court dismissed plaintiff's petition for refund of real estate taxes paid under protest pursuant to § 139.031.[1] Plaintiffs initially filed the appeal in the Supreme Court of Missouri, and that court transferred the appeal to this court, prior to the filing of briefs.

Upon briefing and submission in this court, it appears that the disposition of the appeal requires construction of the revenue laws of the State of Missouri. The appeal thus lies within the exclusive jurisdiction of the Supreme Court of Missouri and must be retransferred to that court for decision on the merits. Mo.Const. Art. V, § 3.

Despite the filing of what has been denominated by the parties as an "agreed transcript on appeal," the statement of facts to pose the issue has been difficult. The source of the difficulty is the abstract nature of the pleadings under scrutiny as well as a hazy and ill-defined statement of the assessment practices under attack. By resorting to the trial court judgment, the so-called "agreed transcript," and the briefs, the following facts appear.

There are fifteen separate suits involved in the original appeal; and, by order of the Supreme Court, they were consolidated into one appeal prior to transfer. Each taxpayer filed a petition under the provisions of § 139.031 after written protest. Each of the petitions alleges generally the filing of

---

1. All statutory references are to RSMo 1978 unless otherwise indicated.

the protest and the failure of the defendant-collector to refund the taxes. The specific grounds for the petition are contained in the protests, which are incorporated in each petition by reference with attachment of the protest as an exhibit. The protest, as filed, states in six separate paragraphs the claimed basis for a right to refund. By reference to the trial court judgment, it is apparent that the taxpayers have not claimed they were denied a timely and sufficient notice of the assessment. It is conceded by the taxpayers that no appeal was taken from the assessment to the Jackson County Board of Equalization and thereafter to the State Tax Commission. Counsel for the taxpayers candidly conceded in oral argument that he had been employed by the taxpayers to protest the taxes long after the time for pursuit of such administrative remedies had expired.

The only issues presented by the taxpayers in their brief are: first, that the assessment of the taxpayers' income-producing property was not valued in accordance with the "income method" of valuation; second, that the application of a 54% reduction in the valuation of improvements, but not land, results in a classification of land or real estate into subcategories. The taxpayers argue that this violates Article I § 10 of the Missouri Constitution by improperly classifying, for valuation purposes, vacant land and land upon which improvements have been erected.

At this juncture, reference to the trial court judgment will serve to focus the issue which inheres in this case. The trial court's judgment, after a recital of the procedural steps of protest and petition, notes that no issues of notice, computation of the tax, or exemption are present in the case. The court then recites the assertions of the plaintiffs-taxpayers in the following language:

"In contesting the subject real estate taxes to the extent protested, plaintiffs contend in each case, and the court assumes for purposes of defendant's motions, that certain practices were followed by the Jackson County Department of Revenue generally in establishing assessed values for real estate during the years in question. Such practices included ascertainment of market value by an undisclosed appraisal method, application selectively of a 54% reduction factor to some improvements and final computation of assessed value at 33⅓% of the result. By whatever method the market or sales value of plaintiffs' properties was established, the income method for capitalization of investment was not used. If such method were adopted as the approach to valuation of plaintiffs' properties, the result would be a lower assessed valuation to the extent of the ratio of the protested payments to the total tax bills."

The trial court then noted that the actions for refund were brought under § 139.-031 and that the taxpayers had failed to pursue the remedies afforded them for review of issues of valuation in assessments. Characterizing the taxpayers' claims as protests of the amount of assessed valuation, the trial court held the taxpayers could not maintain an action under § 139.031 since the procedures for the review of questions of assessment under § 137.385 and § 138.100 et seq. provided, by review before the county board of equalization, the State Tax Commission, and, ultimately, the courts, a full, orderly, and exclusive method of review of assessment questions.

The collector, by his brief filed in this court, correctly asserts that the issue is whether or not, by failing to pursue the administrative remedies, the taxpayers have lost any right to assert the claim presented. The issue posed cannot be resolved under the bare language of § 139.031 since no such limitation on a taxpayer's right to pay taxes under protest is either expressed or implied in the statutory language.

Thus, the resolution of the problem requires that the authority dealing with § 139.031 be examined to determine if such a rule has evolved in the case law as a matter of construction. Before the enactment of § 139.031, the issue arose in the context of the availability of an equitable

remedy. It was generally held that the equitable remedy was unavailable until the available administrative remedies were exhausted. *Brinkerhoff-Faris Trust and Sav. Co. v. Hill*, 323 Mo. 180, 19 S.W.2d 746 (banc 1929), *reversed* 281 U.S. 673, 50 S.Ct. 451, 74 L.Ed. 1107 (1930).[2] Understandably, equitable remedies were not denied where the failure to pursue administrative review was occasioned by a lack of notice or other defects which effectively foreclosed administrative review. *See, John Calvin Manor, Inc. v. Aylward*, 517 S.W.2d 59 (Mo.1974), and cases cited.

So far as can be determined, the Supreme Court of Missouri has considered some aspect of § 139.031 in five cases.[3] These are: *John Calvin Manor, Inc.; Xerox Corp. v. Travers*, 529 S.W.2d 418 (Mo. banc 1975); *Mesker Brothers Industries, Inc. v. Leachman*, 529 S.W.2d 153 (Mo.1975); *St. John's Mercy Hospital v. Leachman*, 552 S.W.2d 723 (Mo. banc 1977); and *Breckenridge Hotels Corp. v. Leachman*, 571 S.W.2d 251 (Mo. banc 1978).

*John Calvin Manor, supra*, the first case in which the court considered § 139.031, was a suit for injunction. The taxpayers had received no notice of the assessment. On appeal, the collector claimed the trial court was in error in issuing an injunction because the taxpayer had a complete remedy at law under § 139.031. The Supreme Court affirmed, holding that § 139.031 did not abrogate the equitable remedy of injunction and was not a complete substitute for the equitable remedy. The rationale of the court was that the remedy under § 139.031 was not complete and when the taxpayer had been deprived of his right to administrative review by the failure of notice, the remedy by injunction was available. The case does not reach or decide the

question here presented of the availability of relief under § 139.031 when the taxpayer has totally failed to pursue his administrative remedy without excuse or justification.

The next occasion for consideration of § 139.031 was *Xerox Corp., supra*. There the taxpayer had followed twin procedures. A review of the assessment of personal property of the taxpayer was undertaken by way of administrative review and the taxpayer also paid the taxes under protest pursuant to § 139.031. Suit was filed in Cole County to review the adverse determination of the State Tax Commission, but no suit was filed in St. Louis. The taxpayer then filed a suit for declaratory relief and injunction to prohibit distribution of the taxes paid under protest and to declare that its protest was perfected by the filing of the Cole County suit. The trial court denied relief, and the Supreme Court affirmed on the ground that the filing of the Cole County suit did not perfect the protest under § 139.031. Simultaneously, the Supreme Court decided the taxpayer's claim adversely to the taxpayer so that, with the exception of a possible claim for interest and penalties by the collector, the issues in the declaratory judgment suit were moot. Nonetheless, the Supreme Court outlined a procedure which harmonized and reconciled the statutes. The procedure outlined follows the statutory procedure under § 139.031 and then adds:

"*If* he appeals to the State Tax Commission, he may notify the collector of such appeal and may file in the circuit court of the county in which the collector maintains his office a notification of such appeal. *If* he makes and files such notifications, the proceedings pending in the circuit court of the county in which the collector maintains his office shall be

**2.** The Supreme Court of the United States reversed because the remedy of administrative review was not available to plaintiff since the right was declared in *Brinkerhoff-Faris* for the first time.

**3.** The Supreme Court has referred to other aspects of § 139.031 in other cases, but the cases are not relevant on the present issue. *Southwestern Bell Telephone Co. v. Feuerstein*, 529

S.W.2d 371 (Mo.1975) (interest on funds paid under protest); *State ex rel. State Tax Commission v. Briscoe*, 451 S.W.2d 1, 5 (Mo. banc 1970) (dicta on applicability of § 139.031); *McDonough v. Aylward*, 500 S.W.2d 721 (Mo. 1973) (claim of constitutional right to not pay school tax does not state cause of action under § 139.031).

stayed until the proceedings before the State Tax Commission and judicial review, if any, are finalized.

The collector should not disburse the impounded funds until all proceedings in the circuit court of the county in which he maintains his office are finalized." (Emphasis added). 529 S.W.2d at 422.

The emphasized portion of the language from *Xerox* set forth above at least *implies* that a suit may be brought under § 139.031 without any proceedings before the administrative bodies.

The next case to consider § 139.031 was *Mesker Brothers, supra.* There the taxpayer paid under protest after abandoning the administrative review. The taxpayer was apparently confronted with a denial of license if the taxes were not paid. On appeal, the collector argued that the abandonment of the administrative review barred the action under § 139.031. The court noted that the issue of valuation as such was not in the case and cited *John Calvin Manor, supra,* for the proposition that § 139.031 was not a remedy for a "mere reevaluation." Relying on the potential denial of a license and the fact that the issue was one of statutory construction, the court permitted the action under § 139.031 and decided the issue on the merits. The *Mesker Brothers* case was decided in Division 2 on the same date as the *Xerox* case, but neither refers to the other opinion.

The issue next reached the Supreme Court in *St. John's Mercy Hospital, supra.* There, the plaintiff had pursued three separate procedures to claim a charitable exemption for its building. First, the taxpayer appeared before the Board of Equalization and the exemption was denied. An untimely petition for review was denied by the State Tax Commission. After that denial, the taxpayer requested correction of the assessment from the County Council under a local ordinance. It was denied. Payment under protest, pursuant to § 139.031, was then made. Upon appeal from a judgment ordering refund under § 139.031,

the court reversed, holding the building was not tax exempt. It refused to consider the procedural issue of exhaustion of administrative review under Count II of the taxpayer's petition.

The last Supreme Court decision to consider § 139.031 is *Breckenridge, supra.* There a taxpayer filed a petition for refund under § 139.031 which was dismissed by the trial court on the ground that the petition failed to state a claim for relief. The petition alleged that the taxpayer's property was assessed at one-third of present fair market value while existing properties, assessed many years before, remained at one-third of fair market value of earlier assessments. This resulted, it was argued, in new construction being consistently discriminated against in favor of older, existing construction in violation of the Fourteenth Amendment to the Constitution of the United States and Art. I § 10 of the Constitution of Missouri. The court ruled that a cause of action was stated and relied upon *Sioux City Bridge Co. v. Dakota County, Nebraska,* 260 U.S. 441, 43 S.Ct. 190, 67 L.Ed. 340 (1923). The cited portion of the *Sioux City Bridge* case asserts that the taxpayer is without any remedy to require a reassessment of underassessed property of others where his property is properly valued. The Supreme Court, therefore, held that a taxpayer in such a situation was entitled to a reduction to a value that equated with the underassessed properties, despite the requirement of the statute, because uniformity and equality were preferable when both true value assessment and uniformity could not be secured.

*Breckenridge* contains no hint of whether the taxpayer had undertaken to obtain any review of the assessment by administrative review. In fact, the whole rationale of *Breckenridge* is that administrative review is not involved. *Breckenridge* is a case where the taxpayer *could not* raise administratively the issue of his own assessment— his complaint was as to the assessment of others.[4] Thus, *Breckenridge* cannot rule

---

**4.** The statutory section which would ultimately provide for administrative review is § 137.385. It provides for appeal to the county board of

equalization to any person aggrieved by the assessment of *his* property.

this case even if it be assumed no administrative review was attempted.

In addition to the cases directly discussing actions under § 139.031 in the context of the nature of the remedy, there is another line of cases in which a proceeding under § 139.031 was involved. *Missouri Pacific R. Co. v. Jones*, 544 S.W.2d 541 (Mo.1976), involved suits to recover school taxes paid under protest and no issue was raised or mentioned with respect to proceedings before the assessor or any administrative review. The issue was with respect to the reduction of the levy upon a reassessment, and no issue of a change or the propriety of a change in valuation was in the case. The issue was one of construction of § 137.073 as to the application of levy reduction in multicounty districts.

The claimants had pursued their action under § 139.031, but, as noted, this was a school tax case involving the amount of the levy. In cases involving a school levy question, there is no possibility of administrative review so the problem of exhaustion of administrative remedies does not arise.

Two districts of the Court of Appeals have had some occasions to treat § 139.031 in the context of a levy of school taxes. In *State ex rel. Mantle v. McCluskey*, 548 S.W.2d 580 (Mo.App.1977), the Eastern District denied mandamus to compel lowering of tax levy for school purposes. The rationale was that the taxpayers had an adequate remedy at law by an action under § 139.031. The opinion asserts that *State ex rel. Riney v. Anderson*, 536 S.W.2d 161 (Mo. banc 1976), and *State ex rel. State Tax Comm'n v. Briscoe*, 451 S.W.2d 1 (Mo. banc 1970), provide support for holding that an individual can have his day in court under § 139.031 to contest taxes based on a claim of overassessment. The Supreme Court cases are both based upon dicta in *Briscoe*.

In the Southern District, *State ex rel. Crawford County R–II School Dist. v. Bouse*, 586 S.W.2d 61 (Mo.App.1979), the court was again confronted with a school tax levy case. The specific issue was the filing of the suit within ninety days under § 139.031. The taxpayer had made an abortive attempt to file, and the funds were disbursed. The court held that the disbursement was improper and remanded for development of the evidence on the filing of the suit. A concurring opinion notes a construction issue on the issue of refunds.

Neither of the opinions in the other two Districts have discussed the issue present in the instant case; nor, as noted, was it present since these were all school tax levy cases.

Based upon the foregoing, certain conclusions concerning the interpretation of § 139.031 emerge. No case squarely holds that § 139.031 is available in a valuation case where the taxpayer has not undertaken to seek administrative review. The statement in *Mesker, supra*, that *John Calvin Manor, supra*, holds that § 139.031 is inappropriate in a valuation case is dicta and *John Calvin Manor* did not address the specific issue here involved. The school tax levy cases do not involve the present issue in any way. *Breckenridge*, although on its face a valuation case, turns on the assessments of others, not the impropriety of the taxpayers' assessed valuation. *Xerox, supra*, suggests a dual proceeding, but by referring to the administrative procedure as a conditional one, has left in doubt the issue in the present case. *St. John's Mercy Hospital, supra*, avoided the issue which was, at best, imperfectly posed.

Nor does the language of § 139.031 provide any support for a requirement that administrative review be first undertaken unless the issue is one of law. The pertinent language is:

> "Any taxpayer may protest all or any part of any taxes assessed against him, . . . . Any such taxpayer desiring to pay any taxes under protest shall, at the time of paying such taxes, file with the collector a written statement setting forth the grounds on which his protest is based, and shall further cite any law, statute, or facts on which he relies in protesting the whole or any part of such taxes." Section 139.031.1.

Absent a decision of the Supreme Court of Missouri construing § 139.031 in connection with the review procedures of §§ 137.-385, 138.060, and 138.110, this court is not at liberty to conclude the issue in this case since it will necessarily involve the construction of revenue laws of the State of Missouri. *Regal-Tinneys Grove Special Road Dist. of Ray County v. Fields*, 552 S.W.2d 719 (Mo. banc 1977). This is so whether the problem is considered as an attack upon an individual assessment or as an attack upon the method of assessment.

The collector's argument based upon cases which defer to the State Tax Commission on issues of valuation, *Cupples-Hesse Corp. v. Bannister*, 322 S.W.2d 817 (Mo. 1959); *State ex rel. Merritt v. Gardner*, 148 S.W.2d 780 (Mo.1941); and *Brinkerhoff-Faris, supra*, is not persuasive. Those cases, and the recent case of *State ex rel. Cassily v. Riney*, 576 S.W.2d 325 (Mo. banc 1979), do not consider the application of § 139.031 to the scheme of administrative review of valuation.

There being no jurisdiction in this court, the cause is transferred to the Supreme Court of Missouri.

All concur.