**MASTER TYPOGRAPHERS, INC.,**
**Plaintiff-Respondent,**

v.

**Richard A. KING, Director of Revenue of the State of Missouri, Defendant-Appellant.**

**No. 46485.**

Missouri Court of Appeals, Eastern District, Division Five.

July 5, 1983.

Melodie A. Powell, Asst. Atty. Gen., Jefferson City, for defendant-appellant.

Lawrence P. Katzenstein, St. Louis, for plaintiff-respondent.

GAERTNER, Presiding Judge.

The motion of respondent to dismiss or transfer appeal was taken as submitted with the underlying case. After the submission of briefs and oral argument, we conclude that this case falls within the exclusive jurisdiction of the Missouri Supreme Court under the provisions of Mo. Const. Art. V, § 3, in that the case involves construction of the revenue laws of this state.

The issue in this case is whether the sale of a reproduction proof, a photographically prepared printed page, by a typographer constitutes a sale of tangible personal property subject to the tax imposed by the Missouri Sales Tax Act, § 144.010 et seq. RSMo Supp.1982, or the rendition of a nontaxable service. Present day typesetting, including that done by respondent, is accomplished by a photographic process. Plastic discs containing an entire alphabet in a certain type style are rotated automatically before a light source and the resulting image is projected on a light-sensitive matrix which is then developed to produce a reproduction proof. The reproduction proof is a single perfect photographically printed page which is delivered to the customer by the typesetter. The customer takes the reproduction proof to a printer who then photographically prepares printing plates. The materials used in the preparation of a reproduction proof cost less than 1% of the charge made by the typesetter to the customer. The balance of the charge is for the

typesetter's services in determining design, layout, type-style and composition.

In *James v. Tres Computer Systems, Inc.,* 642 S.W.2d 347 (Mo. banc 1982), a divided court held the value of professional services in recording computer software programs on magnetic tape was not includable in determining the taxable amount on the sale of tangible personal property, but that the tax was to be imposed only upon the value of the tape itself. In *Universal Images, Inc. v. Missouri Department of Revenue,* 608 S.W.2d 417 (Mo.1980), the court held the total production cost of movie film, including professional services, was properly included in assessing the sales tax on the sale of the film. The *James* court, in distinguishing *Universal Images,* utilized several factors:

1) The physical presence of the film is essential to broadcasting the intangible artistic efforts of the actors, whereas the information on the magnetic tape is merely to be transferred to the customer's computer. *James v. Tres Computer Systems, Inc.,* 642 S.W.2d at 350. Here, the reproduction proof containing the design and composition of the typesetter is essential to the production of the printing plate.

2) Movie film is purchased as a finished product to be used and used again. Whereas once the information on the magnetic tape is fed into the computer, the tape is of no further use. *James v. Tres Computer Systems, Inc.,* 642 S.W.2d at 350. Here, the reproduction proof, while not the finished product, may be stored for subsequent re-use.

3) The information on computer tapes was admittedly intangible and could be transmitted by other means, e.g., fed directly into the computer by telephone lines or by the originator of the programs. The artistic efforts on the movie film could not be communicated outside of the film itself. Thus, the former is separable from the tangible property, the latter is not. *James v. Tres Computer Systems, Inc.,* 642 S.W.2d at 349. Here, the services of the typesetter can only be transmitted to the customer on the reproduction proof.

4) Magnetic tape is merely a medium with which to convey information and once fed into the customer's computer is of no further use. Movie film is sold to be used and re-used. *James v. Tres Computer Systems, Inc.,* 642 S.W.2d at 349. Here, the reproduction proof is a medium with which to convey the services of the typesetter to the customer and may be used and stored for future re-use.

Thus, the instant case presents some factors held by the Supreme Court to cause professional services to be inseparable from the means of their conveyance, and therefore taxable on the basis of transactional value, and other factors held by the Supreme Court to cause such services to be merely incidental to the means of conveyance and therefore not includable in evaluating the tangible property sold. This case falls squarely within the caveat expressed by the majority in *James*—that because of the rapidity and complexity of technological change, we "do not intend to formulate a fixed, general rule which later could have unpredictable results." *James v. Tres Computer Systems, Inc.,* 642 S.W.2d at 349.

We conclude the issue here presented requires construction rather than application of the revenue laws of this state and accordingly exclusive jurisdiction lies in the Missouri Supreme Court. Mo. Const. Art. V, § 3; *C & D Investment Company v. Bestor,* 602 S.W.2d 58 (Mo.App.1980).

This cause is therefore transferred to the Supreme Court of Missouri.[1]

DON KENNEDY and GEORGE A. ADOLF, Special Judges, concur.

---

1. We are advised by counsel that the Supreme Court has accepted transfer from the Western District of the case of *K & A Litho Process, Inc.* *v. Director of Revenue,* 653 S.W.2d 195 (Mo. 1983) which, we are told, presents issues similar to those here involved.