**NELL HOLCOMB REORGANIZED
SCHOOL DISTRICT NO. R–4,
Respondent,**

v.

**JACKSON REORGANIZED SCHOOL
DISTRICT NO. R–2, Appellant.**

No. 66585.

Supreme Court of Missouri,
En Banc.

Feb. 5, 1985.

Rehearing Denied Feb. 26, 1985.

Albert C. Lowes, W. Eric Cunningham, Jackson, for appellant.

Kenneth W. Shrum, Gary A. Kamp, Marble Hill, for respondent.

PER CURIAM.

The facts and contentions of the parties are set out in the Court of Appeals' opinion, copy of which is appended. We elect to retain jurisdiction under *Foremost-McKesson, Inc. v. Davis*, 488 S.W.2d 193 (Mo. banc 1972) without expressly deciding whether the Court of Appeals properly transferred the case here on jurisdictional grounds. The trial court was presented with two surveys and chose one of them. The judge also viewed the premises in reaching his conclusion that the plant was a unified operation, so that real property and merchants and manufacturers' taxes should be allocated on the basis of proportional square footage. His findings are essentially factual findings which are not shown to be erroneous. The rule of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976) applies. No purpose would be served by a more detailed opinion. Rule 84.-16(b)(1).

The judgment is affirmed.

All concur.

APPENDIX

In the Missouri Court of Appeals

Eastern District

SOUTHERN DIVISION

NELL HOLCOMB RE–ORGANIZED
SCHOOL DISTRICT NO. R–4, a
political subdivision, Plaintiff-Respondent,

v

JACKSON RE–ORGANIZED DISTRICT NO.
R–2, JERRY L. REYNOLDS, RODNEY
MILLER and HAROLD DEAN KUEH-
LE, Defendant-Appellant.

No. 47686

Appeal from the Circuit Court of Cape
Girardeau County

Hon. Dorman L. Steelman, S.J.

NOVEMBER 20, 1984

Plaintiff-Respondent, Nell Holcomb Re-Organized School District No. R–4, peti-

tioned for a declaratory judgment under Chapter 527, RSMo 1978 in order to obtain a part of the annual real estate, personal property and manufacturer's taxes paid by Proctor & Gamble Paper Products Company (taxpayer). All of the taxpayer's land was located in Cape Girardeau County but 84.39% was located in defendant-appellant Jackson Re-Organized School District No. R–2 and 15.61% in Nell Holcomb R–4 School District. Previously all of the disputed taxes were assessed and paid to Jackson R–2.

The case was tried on a stipulation of the parties. The trial court determined that plaintiff was entitled to a portion of the real estate and manufacturer's taxes, but none of the personal property taxes. It found that 1.636% of the taxpayer's building was located in plaintiff's district. It interpreted § 137.095, RSMo 1978 and § 150.320, RSMo 1978 as amended laws 1979 in pari materia to mean that the personal property reported by the taxpayer, a manufacturing corporation, under § 150.-320 and located within its manufacturing plant should be taxed as a unit and the manufacturer's tax divided between the districts on the ratio of the floor space of the manufacturing plant. Although the manufacturing, together with the tools, machinery and appliances used therein were all in defendant Jackson's district some finished products were stored in plaintiff Nell Holcomb R–4 district.

The court concluded that the actual manufacture and storage were all part of a single manufacturing process and that apportionment should be based on the ratio of percentage of the taxpayer's building in each district. Prior to 1978 the building was contained wholly within the Jackson R–2 District. In 1978 and 1980 the taxpayer enlarged its building and the two additions resulted in a part of the building, found to be 1.636% of the total floor space, to be within plaintiff Nell Holcomb R–4 District. The judgment awarded plaintiff 1.636% of the manufacturer's taxes collected by defendant in 1981 and 1982. A total of $4,887.51. The judgment also ordered a future division on the same ratio. The judgment followed the same formula for real estate taxes on the building. However, the court denied plaintiff Nell Holcomb R–4 any of the personal property taxes on the tangible personal property used in the manufacturing process upon a finding that such property was located entirely in defendant Jackson R–2's District and that only storage of part of the finished products took place in the 1978 and 1980 building additions located in Nell Holcomb's District.

Defendant Jackson R–2 claims on appeal that the real "situs" of taxpayer's manufacturing was wholly within its district; that the existence of a miniscule part of the building in plaintiff's District which is used only for storage is immaterial to the entitlement to the manufacturer's tax. Defendant further contends that if a division is proper, the court erred in applying a "situs" rule based upon percent of building and instead should have used the manufacturer's tax report of only the value of finished goods times the percent stored in plaintiff's district, 1.954%. As a result, the tax on other property used and reported by the taxpayer under § 150.320 as utilized in the manufacturing process and wholly within defendant's district to wit: raw materials, tools, machinery and appliances, would be paid solely to defendant Jackson R–2.

Plaintiff Nell Holcomb R–4 answers that § 137.095 exhibits a legislative intent that the manufacturer's tax be based upon "situs" and that the court properly based its judgment on situs and a percentage of the manufacturing process as a single activity performed within a single building. It also contends that although the taxpayer's previous manufacturer's tax reports under § 150.320, from which the assessor determines the tax, segregated the value of finished goods from other includable categories of tangible personal property it was not required to do so by the statute. Thus, it concludes § 150.320 does not permit a breakdown into parts for the purposes here at issue.

We look to the question of our jurisdiction to consider this appeal. In our view the resolution of this dispute requires a construction of the meaning of revenue laws of this state, § 137.090, RSMo 1978, effective January 2, 1979, § 137.095, RSMo 1978, § 150.320, RSMo 1978, amended laws 1979. The proper assessment, levy, collection and disbursement of real estate and manufacturing taxes between the two taxing districts are in direct conflict. The Supreme Court has exclusive jurisdiction of all cases involving the construction of revenue laws of this state. Mo. Const. Art. V, § 3 as amended 1982. *Regal-Tinneys Grove Special Road District of Ray County v. Fields*, 552 S.W.2d 719, 720–721 (Mo. banc 1977).

This appeal is ordered transferred to the Supreme Court. Mo. Const. Art. V § 11.

CARL R. GAERTNER, JUDGE

ROBERT E. CRIST, PRESIDING JUDGE, Concurs

ALBERT J. STEPHAN, JR., JUDGE, Concurs