**Zaragoza Lerma GARZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 54472.**

Court of Criminal Appeals of Texas.

March 16, 1977.

Lawrence A. Beauchamp, Jr., San Antonio, court appointed, for appellant.

Ted Butler, Dist. Atty., E. Dickinson Ryman, William W. Blagg and Joe D. Brown, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

Appellant waived trial by jury and entered a plea of guilty before the court to the offense of attempted murder. A plea of "true" was made to the third paragraph of the indictment which alleged a 1936 conviction for murder for the purposes of enhancing punishment under V.T.C.A., Penal

Code, Sec. 12.42(b). The second paragraph of the indictment, which alleged a 1941 conviction for assault with intent to commit murder with malice, was abandoned and dismissed. Upon conviction the court assessed punishment at imprisonment for ten (10) years under Sec. 12.42(b), supra.

Appellant's court-appointed counsel has filed a brief in which he has concluded that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), by advancing two contentions which counsel says might arguably support the appeal. See *Currie v. State,* 516 S.W.2d 684 (Tex.Cr.App.1974). A copy of counsel's brief has been delivered to appellant and appellant has been advised that he has a right to file a pro se brief. No such brief has been filed.

Counsel's first contention relates to the 1936 murder conviction which was alleged for enhancement purposes. The third paragraph of the indictment alleged that on the 13th day of October, 1936, Zaragoza Lerma Garza was convicted of murder in Cause No. 41,375 in the Criminal District Court of Bexar County. The judgment and sentence in Cause No. 41,375, which was admitted in evidence without objection, shows that one Armando Zaragosa was convicted of murder in the Criminal District Court of Bexar County on October 13, 1936. Appellant's written stipulation of evidence was admitted without objection. In that stipulation appellant swore, among other things, that he was the same named person who was found guilty in Cause No. 41,375.

As we understand appellant's contention, he contends that the evidence was insufficient to show that he was the same person convicted of murder in 1936 because appellant's name is Zaragoza Lerma Garza, whereas the person convicted in 1936 was named Armando Zaragosa. He relies on the following language from *Helsley v. State,* 128 Tex.Cr.R. 205, 80 S.W.2d 962 (1935):

". . . The evidence touching the previous convictions was not admissible against appellant for the reason that the indictment contains an averment that the indictments in the prior cases were against 'B. A. (Dick) Helsley,' when as a matter of fact the proof showed that the offender named in the said previous indictments was not 'Helsley.' In one of them, the party charged is A. M. Shaw, alias Walter Walker Warren, alias W. W. Beck, alias Luther Ramsey, alias Walter Scott, alias L. C. Howard. In another indictment the offender is A. Vymola."

Article 21.07, Vernon's Ann.C.C.P. provides that when a person is known by two or more names an indictment is sufficient if it states either name. In *Smith v. State,* 446 S.W.2d 883 (Tex.Cr.App.1969), a murder case, the deceased was alleged in the indictment as "Roberta Thornton." The evidence showed that the deceased was known by the name of "Roberta Jackson." However, there was other evidence to show that the deceased was known as both "Roberta Jackson" and "Roberta Thornton." There we held that there was no variance between the allegations in the indictment and the proof. See also *Dears v. State,* 465 S.W.2d 376 (Tex.Cr.App.1971); *Hammond v. State,* 465 S.W.2d 748 (Tex.Cr.App.1971); *Pegoda v. State,* 470 S.W.2d 675 (Tex.Cr.App.1971).

■ An examination of the above quoted statements in *Helsley v. State,* supra, reveals that they were dicta, since they were unnecessary to the disposition of that case. In fact, the evidence of the prior convictions in *Helsley* would have been admissible had the State shown, as it did in the case before us, that the defendant was the same person named in the previous indictments. However, to the extent that the statements in *Helsley* might be read contrary to Article 21.07, supra, and our holding herein, they are overruled.

■ An examination of the written stipulation of evidence, which was admitted without objection in this case, reveals that it meets the requirements of Article 1.15, Vernon's Ann.C.C.P. Appellant's sworn statement, which is contained in that stipulation, in which he admits that he is the same person who was found guilty in Cause

No. 41,375 was sufficient to support the trial judge's finding that the allegations in the third paragraph of the indictment were true. Consequently, we find the first contention without merit.

An examination of the second contention reveals it is also without merit. A discussion of it would unduly elongate this opinion and would add nothing to the jurisprudence of the State. It is overruled.

The judgment is affirmed.