**BRECKENRIDGE HOTELS CORPORA-TION et al., Appellants,**

v.

**George C. LEACHMAN et al., Respondents.**

**No. 60298.**

Supreme Court of Missouri, en banc.

Sept. 12, 1978.

Rehearing Denied Oct. 10, 1978.

Mark A. Brown, Sumner, Hanlon, Sumner, MacDonald & Nouss, Clayton, for appellants.

George W. Lang, II, Associate County Counselor, Thomas W. Wehrle, County Counselor, Clayton, for respondents.

DONNELLY, Judge.

This case involves a tax assessment on real property belonging to appellants. Appellants' "First Amended Petition for Refund of Tax Paid Under Protest," filed under § 139.031, RSMo 1969, was dismissed by the trial court on the grounds it "fails to state a claim upon which relief can be granted * * *."

There are several issues raised and briefed by the parties. We decide only the question whether the petition states a claim upon which relief can be granted, under § 139.031, against George C. Leachman, the Collector of St. Louis County, Missouri.

According to the petition, appellants constructed a new hotel facility and made changes in existing hotel buildings in 1974; the property was then placed on the assessment rolls at what the county assessor determined to be ⅓ of its fair market value as of January 1, 1975; the county assessor does not assess all properties in St. Louis County as of January 1 of each year, as required by § 137.080, RSMo 1969, at ⅓ of their then fair market value but instead allows existing properties to remain on the assessment rolls without change until a county-wide reappraisal is made; the last

county-wide reappraisal was conducted in 1964; construction costs in St. Louis County have substantially increased since 1964; and no compensating adjustments to reduce assessments of new construction in order to bring them in line with older existing construction are made with the result that new construction is consistently discriminated against in favor of old existing construction.

Appellants allege that such discrimination violates the Fourteenth Amendment to the Constitution of the United States and Art. I, § 10 of the Constitution of Missouri.

This case is ruled by *Sioux City Bridge Company v. Dakota County, Nebraska,* 260 U.S. 441, 445, 446, 447, 43 S.Ct. 190, 191, 67 L.Ed. 340 (1923), wherein the United States Supreme Court held that intentional and arbitrary assessment of the property of one owner for taxation at its true value, in accordance with the state constitution and laws, while all other like property is systematically assessed much lower, is a violation of the equal protection of the laws, and said:

> "The Supreme Court [of Nebraska] does not make it clear whether it thinks the discrimination charged was proved or not, but assuming the discrimination, it holds that the Bridge Company has no remedy except 'to have the property assessed below its true value raised rather than to have property assessed at its true value reduced.' The dilemma presented by a case where one or a few of a class of taxpayers are assessed at 100 per cent. of the value of their property in accord with a constitutional or statutory requirement, and the rest of the class are intentionally assessed at a much lower percentage in violation of the law, has been often dealt with by courts and there has been a conflict of view as to what should be done. There is no doubt, however, of the view taken of such cases by the federal courts in the enforcement of the uniformity clauses of state statutes and constitutions and of the equal protection clause of the Fourteenth Amendment. The exact question was considered at length by the Circuit Court of Appeals of the Sixth Circuit in the case of *Taylor v. Louisville & Nashville R. R. Co.,* 6th Cir., 88 F. 350, 364, 365, and the language of that court was approved and incorporated in the decision of this Court in *Greene v. Louisville & Interurban R. R. Co.,* 244 U.S. 499, 516, 517, 518 [37 S.Ct. 673, 61 L.Ed. 1280.] The conclusion in these and other federal authorities is that such a result as that reached by the Supreme Court of Nebraska is to deny the injured taxpayer any remedy at all because it is utterly impossible for him by any judicial proceeding to secure an increase in the assessment of the great mass of under-assessed property in the taxing district. This Court holds that the right of the taxpayer whose property alone is taxed at 100 per cent. of its true value is to have his assessment reduced to the percentage of that value at which others are taxed even though this is a departure from the requirement of statute. The conclusion is based on the principle that where it is impossible to secure both the standard of the true value, and the uniformity and equality required by law, the latter requirement is to be preferred as the just and ultimate purpose of the law. In substance and effect the decision of the Nebraska Supreme Court in this case upholds the violation of the Fourteenth Amendment to the injury of the Bridge Company. We must, therefore, reverse its judgment."

We hold that appellants have stated a claim upon which relief can be granted. We decline to rule at this time the other questions raised.

The judgment is reversed and the cause remanded for proceedings not inconsistent with *Sioux City Bridge.*

MORGAN, C. J., BARDGETT, FINCH, RENDLEN and SEILER, JJ., and HOUSER, Special Judge, concur.

SIMEONE, J., not participating because not a member of the Court when cause was submitted.