C & D INVESTMENT COMPANY,
Appellant,

v.

Honorable Mike BESTOR, Respondent.

S. I. GARRETT, William C.
Haas, Appellants,

v.

Honorable Mike BESTOR, Respondent.

PRICE MORTGAGE CORPORATION,
Appellant,

v.

Honorable Virgle COON, Respondent.

PRICE BROS. REALTY COMPANY,
Price Mortgage Company,
Appellants,

v.

Honorable Mike BESTOR, Respondent.

C & D INVESTMENT COMPANY,
Appellant,

v.

Honorable Virgle COON, Respondent.

Fred GOLDMAN, Jr., et al., Appellants,

v.

Honorable Mike BESTOR, Respondent.

CARL B. RECHNER & ASSOCIATES,
Benton Manor, Inc., Appellants,

v.

Honorable Virgle COON, Respondent.

Sam PRICE, Chip of Kansas City,
Inc., Appellants,

v.

Honorable Mike BESTOR, Respondent.

CARLTON PLAZA, INC., George H.
Gurley, Inc., Sam Price, et al.,
Appellants,

v.

Honorable Virgle COON, Respondent.

Nos. 60679–60693.

Supreme Court of Missouri,
En Banc.

Nov. 10, 1981.

Rehearing Denied Dec. 8, 1981.

Charles C. Shafer, Jr., Charles C. Shafer, III, Kansas City, for appellants.

R. Jay Ingraham, County Counselor, Michael F. Dandino, Assoc. County Counselor, Kansas City, for respondent.

John Ashcroft, Atty. Gen., Richard Wieler, Asst. Atty. Gen., Jefferson City, amicus curiae-State Tax Com.

SEILER, Judge.

This case involves construction of § 139.-031, RSMo 1978, the "tax protest statute." [1]

Taxpayers in these fifteen consolidated cases individually own twenty-three parcels of real estate in Jackson County, Missouri. In 1976, each taxpayer paid a portion of his property taxes under protest pursuant to the procedure set out in § 139.031. Although most of the protests involved taxes currently due, there were six past due tax bills involving 1973–1975 tax years. The assessed valuations had not changed during the applicable years. The taxpayers in their protest letters identified six grounds of protest, all involving the method of assessment. Taxpayers filed suit against the

Jackson County Collector of Revenue for refund of the taxes paid under protest. In their brief filed in the trial court, taxpayers stated they protested their tax bills "because the assessor (a) failed to utilize the income method in his determination of the true value in money and/or (b) failed to equalize the valuation by giving the taxpayer the same percentage reduction granted to other taxpayers in the valuation of improvements." Respondents answered that the petitions failed to state a claim upon which relief could be granted and asked the court, by motion, to dismiss the petitions because appellants' claims of improper assessment are cognizable, if at all, only through administrative remedies which appellants had failed to pursue. The trial court sustained the motion, holding in part:

Plaintiffs in the subject cases have identified their protest as being directed to the amount of assessed valuation. Section 137.385 RSMo affords the taxpayer a right of review before the county board of equalization as to issues of valuation in assessments and Sections 138.100 et seq. RSMo grant a right of appeal from such decisions to the state tax commission. Judicial review may thereafter be had in accordance with the Administrative Procedure Act, Chapter 536. This scheme of assessment and opportunity for review on appeal is complete and adequate. *Brinkerhoff-Faris Trust and Savings Co. v. Hill*, 323 Mo. 180, 19 S.W.2d 746 (Mo.1929). The statutory system for review of assessments before the board of equalization and the state tax commission being full and orderly does not permit of any other action binding on the state. *Horizons West Properties v. Leachman*, 548 S.W.2d 55 (Mo.1977). Section 139.031 RSMo is not a substitute for the long standing procedure for review of assessments through the administrative bodies established by statute for this purpose. The courts are without discretionary authority to value or assess property for tax purposes. *John Calvin Manor, Inc. v. Aylward*, [517 S.W.2d 59 (Mo.1974)].

1. All statutory references are to RSMo 1978.

Taxpayers appealed the dismissal to this court. Upon initial presentation of the appeal, this court prior to filing of briefs transferred the case to the court of appeals, western district. The court of appeals then retransferred after determining that disposition of the appeal involved construction of a revenue law. This court handed down an opinion February 9, 1981, but sustained a motion for rehearing filed by the respondent. The respondent and amicus State Tax Commission sought rehearing on the basis that the court's opinion, which would allow tolling of the statutory time limits for administrative review, misinterpreted the law. The cause was reargued. Portions of the principal and dissenting opinions are used without the use of quotations.

Taxpayers' principal contention on appeal is that the method of assessment used by the Jackson County assessor is unconstitutional.

Contrary to statutory mandates, property has not been reassessed annually. Because of inflation, this can result in new construction being taxed at a much higher percentage of fair market value than old construction. *See Breckenridge Hotels Corp. v. Leachman*, 571 S.W.2d 251 (Mo. banc 1978), where owners of newly constructed property, who had pursued their administrative remedies, stated a cause of action under § 139.031 for discrimination based on the above facts. To avoid such discrimination in favor of old property, the Jackson County assessor in 1973 began to apply a 54% "equalization factor" to newly constructed or reassessed property. The fair market value of improvements is multiplied by 54%. The resulting figure is added to the fair market value of the land. Then, the 33⅓% statutory rate is applied to that total. This equalization factor has been applied only to improvements and not to the land. The 54% figure reflects the percentage increase in the cost of construction due to inflation over a period of years.

Taxpayers contend that application of the equalization factor is unconstitutional in two respects. First, because the factor is applied only to improvements and not to

land, it violates Mo.Const. art. X, § 3 which requires that "taxes be uniform upon the same class of subjects," and Mo.Const. art. X, § 4 which requires that class 1, real property, may not be further subdivided. Second, because the factor is applied only to "new" property and not to appellants' "old" property, it violates appellants' right to equal protection. U.S.Const. amend. XIV.

■ The purpose of the constitutional provision forbidding classification is to bring "about uniformity in assessment and levy of taxes." *State ex inf. Dalton v. Metropolitan St. Louis Sewer District*, 365 Mo. 1, 12, 275 S.W.2d 225, 232 (banc 1955). "The constitutional requirement of uniformity aims at a certain end and not at the manner or mode of reaching that end." 1 Cooley on Taxation § 304, at 638 (4th ed. 1924). Equality in taxation has been construed to mean that methods of assessment "are required which produce *uniform results.*" *Cupples Hesse Corp. v. State Tax Commission*, 329 S.W.2d 696, 699 (Mo.1959) (emphasis added). *See also Rees v. City of Erie*, 243 Pa. 189, 90 A. 58, 62 (1914). This method of assessment was developed expressly to produce a uniform tax burden.

■ The application of the 54% equalization factor only to improvements does not result in an impermissible subclassification of property (Mo.Const. art. X, § 4). *See Cupples Hesse Corp. v. State Tax Commission*, 329 S.W.2d at 699–701. *Cf. Drey v. State Tax Commission*, 345 S.W.2d 228 (Mo. 1961) where timberland was assessed at a different rate than were farm lands and town lots. This, the court concluded, was impermissible subclassification. Again, this constitutional provision goes to the result rather than to the method of assessment.

Appellants also allege that the selective application of the 54% equalization factor violates the principles of *Sioux City Bridge Co. v. Dakota County*, 260 U.S. 441, 43 S.Ct. 190, 67 L.Ed. 340 (1923) and *Breckenridge Hotels Corp. v. Leachman*, 571 S.W.2d 251 (Mo. banc 1978). In *Sioux City*, the taxpayer-appellant's property was assessed at a much higher percentage of its true value in money than was other property. In *Breck-*

*enridge*, the taxpayer-appellant alleged that its property was assessed at the statutory one-third of its fair market value as of 1975, while other property was assessed at one-third of its fair market value as of 1964, resulting in an inequity since construction costs had increased substantially since 1964. 571 S.W.2d at 252. Following *Sioux City*, this court held that the appellant's allegation amounted to a denial of equal protection. Appellants in the instant case, however, do not allege that their property is assessed at a higher percentage of fair market value than is other property but only that the equalization factor has not been applied to their "old" property. Again, their complaint goes to the method of valuation, *i.e.*, application of the 54% equalization factor, rather than to the result.

■ Methods of valuation and assessment of property are matters delegated to the expertise of the administrative agencies by the legislature. *State ex rel. Cassilly v. Riney*, 576 S.W.2d 325, 328 (Mo. banc 1979); *John Calvin Manor, Inc. v. Aylward*, 517 S.W.2d 59, 63–64 (Mo.1974); *Drey v. State Tax Commissioner*, 345 S.W.2d 228, 236, 238–39, (Mo.1961).

■ The legislature has established a comprehensive system for valuation and assessment of property. The assessor is required to assess property at thirty-three and one-third percent of its true value in money. Section 137.115. The assessment may be appealed to the county board of equalization, § 138.060, and, if the taxpayer is dissatisfied with the decision of the county board, that decision may be appealed to the state tax commission. Section 138.110. Judicial review is thereafter available under the Administrative Procedure Act, Chapter 536. Section 138.470.4. The board of equalization has the power to reduce the assessed valuation of property when, in its opinion, the valuation is higher than its true value as compared with the average valuation of property within the county. Sections 138.050, .100. On appeal to the state tax commission, the commission has the authority to "correct any assessment which is

shown to be unlawful, unfair, improper, arbitrary or capricious." Section 138.430.

■ "The remedy provided by statute is adequate, certain and complete." *Brinkerhoff-Faris Trust & Savings Co. v. Hill*, 323 Mo. 180, 194, 19 S.W.2d 746, 751 (banc 1929), *rev'd on other grounds*, 281 U.S. 673, 50 S.Ct. 451, 74 L.Ed. 1104 (1930). Where, as is the case here, there is no question of overreaching by the taxing authorities, section 139.031 is not a substitute for the administrative provisions relating to the assessment of property for tax purposes. That section may not be used by the taxpayer to avoid the time limitations of §§ 137.290, 138.090, 138.100, and 138.110. *Cf. American Hog Co. v. County of Clinton*, 495 S.W.2d 123, 127 (Mo.App.1973).

The judgment of the trial court is affirmed.

BARDGETT, HIGGINS, MORGAN and WELLIVER, JJ., concur.

DONNELLY, C. J., and RENDLEN, J., concur in result.