Dear Representative Lewis:
This opinion letter is in response to your question asking:
 Is a taxpayer allowed a partial refund under subsection 5 of section 139.031, RSMo 1986, for property taxes "mistakenly or erroneously paid" if the taxes were paid and within one year thereafter the taxpayer discovers, and the county assessor agrees, that property that was assessed as one classification of personal property should have been assessed as another classification of personal property, which resulted in an overpayment of property taxes?
Subsection 5 of Section 139.031, RSMo 1986, to which you refer, provides as follows:
 139.031. Payment of taxes under protest — action, when commenced, how tried — refunds, how made — interest, when allowed — collector to invest protested taxes, disbursal to taxing authorities, when —
* * *
 5. All the county collectors of taxes, and the collector of taxes in any city not within a county, shall, upon written application of a taxpayer, refund any real or tangible personal property tax mistakenly or erroneously paid in whole or in part to the collector. Such application shall be filed within one year after the tax is mistakenly or erroneously paid. The governing body, or other appropriate body or official of the county or city not within a county, shall make available to the collector funds necessary to make refunds under this subsection by issuing warrants upon the fund to which the mistaken or erroneous payment has been credited, or otherwise.
Section 139.031 now appears in the 1987 supplement to the Missouri Revised Statutes; however, the subsection about which you are concerned is unchanged.
In Missouri Attorney General Opinion No. 97, Bergbauer, 1970, a copy of which is enclosed, this office considered Section 139.031.4 in effect as of the date of that opinion. Section 139.031.4 in effect as of the date of that opinion is similar to the present Section 139.031.5. In that opinion, this office concluded that subsection 4 (now subsection 5) only applied to errors or mistakes in payment.
 The legislature has recognized the fact that while a tax may be legally assessed, errors or mistakes in payment will and do occur as, for example, double payment of the same tax. Id. at page 3.
That opinion then concluded as follows:
 Therefore, it is the opinion of this office that it is mandatory for a taxpayer to file suit to compel refund of taxes paid under protest in accordance with the provisions of Sections 1, 2 and 3 of Senate Bill No. 39, 75th General Assembly, (Section 139.031, V.A.M.S.) and the county court is not empowered to take administrative action authorizing the collector to refund such taxes. Section 4 of Senate Bill No. 39 authorizes refund by the collector of any real or tangible personal property tax mistakenly or erroneously paid. Id. at page 4.
The error about which you are concerned is an error in assessment. The issue is whether Section 139.031.5 can be used to make a refund to a taxpayer where an error in assessment has occurred. In discussing the applicability of Section 139.031 to assessment errors, the Missouri Supreme Court has stated:
 The legislature has established a comprehensive system for valuation and assessment of property. The assessor is required to assess property at thirty-three and one-third percent of its true value in money. Section 137.115. The assessment may be appealed to the county board of equalization, § 138.060, and, if the taxpayer is dissatisfied with the decision of the county board, that decision may be appealed to the state tax commission. Section 138.110. Judicial review is thereafter available under the Administrative Procedure Act, Chapter 536. Section 138.470.4. The board of equalization has the power to reduce the assessed valuation of property when, in its opinion, the valuation is higher than its true value as compared with the average valuation of property within the county. Sections 138.050, .100. On appeal to the state tax commission, the commission has the authority to "correct any assessment which is shown to be unlawful, unfair, improper, arbitrary or capricious." Section 138.430.
 "The remedy provided by statute is adequate, certain and complete." [Citation omitted.] Where, as is the case here, there is no question of overreaching by the taxing authorities, section 139.031 is not a substitute for the administrative provisions relating to the assessment of property for tax purposes. That section may not be used by the taxpayer to avoid the time limitations of §§ 137.290, 138.090, 138.100, and 138.110. [Citation omitted.] [Emphasis added.] C D Investment Company v. Bestor, 624 S.W.2d 835, 838 (Mo. banc 1981).
In the situation about which you are concerned, the error that occurred was an error in assessment. A refund pursuant to Section 139.031.5 may be made only for property tax mistakenly or erroneously paid. This section does not apply to the situation about which you are concerned.
It is the opinion of this office that a taxpayer may not be allowed a partial refund under Section 139.031.5, RSMo, where the error that resulted in an overpayment of property taxes is an error in assessment such as that in the situation about which you are concerned.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion No. 97, Bergbauer, 1970