**LEBANON PROPERTIES I, Lebanon Properties II, and Lebanon Properties III, Plaintiffs–Appellants,**

v.

**Johnny NORTH, Assessor, Laclede County, Missouri, Defendant–Respondent.**

No. 24276.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 5, 2002.

Cathy Dean, Polsinelli, Shalton & Welte, Kansas City, for appellants.

Scott Ross, Zahnd, Ross & Thomson, L.L.P., Maryville, for respondent.

JOHN E. PARRISH, Judge.

Lebanon Properties I, Lebanon Properties II, and Lebanon Properties III are limited partnerships that own and operate certain government subsidized rental properties in Lebanon, Missouri. They are referred to herein, collectively, as "Lebanon Properties." Lebanon Properties appeals a circuit court judgment affirming assessments for tax years 1997 and 1998 by the State Tax Commission (the commission). As hereafter explained, this court finds that the evidence does not support certain calculations of the commission. The judgment is reversed and remanded to the trial court. The trial court is directed to enter judgment reversing the decision of the commission and remanding the case with directions that the commission enter a decision consistent with this opinion.

This appeal involves three tracts of real estate. Federally subsidized housing complexes are located on the real estate. For tax year 1997, the Laclede County Assessor valued the tracts at $488,000, $497,200 and $496,100. Lebanon Properties appealed the assessor's valuations to the Laclede County Board of Equalization. *See* § 138.060.[1] The board of equalization upheld the valuations of the assessor.

Lebanon Properties appealed the board of equalization's determinations to the commission. *See* § 138.430.1. A hearing was held before a hearing officer. The hearing officer issued a "Decision and Order" setting aside the valuations set by the assessor and the board of equalization. The hearing officer valued the tracts of real estate at $250,000, $303,000 and $419,000. The assessor requested review by the commission as permitted by § 138.432. Following its review, the commission set aside the hearing officer's decision. It valued the tracts of real estate at $382,000, $364,000 and $444,900. The assessor sought judicial review. *See* § 536.100. The circuit court entered judgment affirming the decision of the commission.

■ This court's review is directed to the findings and decisions of the commission. *Rolla Apartments/Overall Const. In-dustries, Inc. v. State Tax Com'n,* 797 S.W.2d 781, 784 (Mo.App.1990). The issues in this appeal are factual. Review of factual challenges to the commission's determinations is limited to determining whether the commission's decision was supported by competent and substantial evidence upon the whole record or whether it was arbitrary, capricious, unreasonable, unlawful, or in excess of its jurisdiction. *Savage v. State Tax Com'n,* 722 S.W.2d 72, 74–75 (Mo. banc 1986). "The evidence must be considered in a light most favorable to the administrative body, together with all reasonable inferences which support it, and if the evidence would support either of two opposed findings, the reviewing court is bound by the administrative determination." *Hermel, Inc. v. State Tax Com'n,* 564 S.W.2d 888, 894 (Mo. banc 1978). Ascertainment of proper methods of valuation is delegated to the commission. *C & D Investment Co. v. Bestor,* 624 S.W.2d 835, 838 (Mo. banc 1981).

Lebanon Properties' Point I contends the trial court erred in affirming the commission's valuations; that the commission's assessments were not supported by substantial evidence but were based on speculation. The commission calculated the values of Lebanon Properties' real estate as follows:

| | Lebanon I | Lebanon II | Lebanon III |
|---|---|---|---|
| Potential Gross Inc. | $66,240 | $63,360 | $66,816 |
| Less Vacancy (1%) | 662 | 633 | 668 |
| Effective Gross Inc. | $65,578 | $62,727 | $66,148 |
| Less: Expenses | | | |
| Off-site manage. | $ 6,624 | $ 6,624 | $ 6,624 |
| On-site manage. | 3,456 | 3,456 | 3,456 |
| Maint./Repair | 14,000 | 13,380 | 10,900 |
| Utilities | 5,723 | 4,250 | 5,775 |
| Audit/Legal | 2,500 | 2,500 | 1,500 |

1. References to statutes are to RSMo 1994.

| | | | |
|---|---|---|---|
| Administrative | 2,000 | 1,900 | 1,925 |
| Insurance | 2,000 | 1,900 | 1,925 |
| Office | 2,000 | 1,900 | 1,925 |
| Total Expenses | $38,303 | $35,910 | $34,030 |
| NOI before reserve | $27,275 | $26,817 | $32,118 |
| Less: Reserve | 5,160 | 5,780 | 6,402 |
| NOI | $22,115 | $21,037 | $25,716 |

The commission used a capitalization rate of .0578, thereby valuing the respective properties at $382,612, $363,961 and $444,913.[2] It then entered a "Final Value Rounded" for each tract in the amounts of $382,600, $364,000 and $444,900.

■ The commission used the income capitalization method for valuing the properties.[3] Lebanon Properties does not challenge the method of valuation that was used. Its claim of error is directed to the amounts the commission attributed to management fees and vacancy expenses and the capitalization rate that was used.

### Management Fees

■ The commission used separate calculations for off-site management and on-site management. It allowed $6,624 per year for off-site management for each property and $3,456 per year for on-site management for each property. The properties were managed by Fairway Management, Inc. (Fairway). The commission was provided a copy of an agreement between Lebanon Properties I and Fairway entitled "Management Plan." The agreement provides for off-site management compensation of $23 per unit. It provides for $12 per unit per month for on-site management compensation.

Lebanon Properties argues that the calculations for management fees that the appraiser, Jack Blaylock, used should have been accepted by the commission. Mr. Blaylock used actual expense figures for a previous three-year period and "stabilized those to reflect in [his] best judgment based on the historic expenses what the expenses [would] be."[4]

The evidence before the commission would support either the calculation used by the commission or the one provided by Mr. Blaylock. The commission's determination was by evidence it received. It was not based on speculation. This court is bound by the commission's determination. *Savage v. State Tax Com'n, supra*, at 75.

### Occupancy

■ The commission allowed an expense for vacancy and loss of rental of 1%.

---

**2.** These amounts were calculated by dividing the net operating income (NOI) of each property by the capitalization rate.

**3.** The commission is not required to adopt any particular method for valuation. *St. Joe Minerals Corp. v. State Tax Com'n,* 854 S.W.2d 526, 529 (Mo.App.1993). Methods used in valuing property include actual sale price, comparable sales, replacement cost, and income capitalization. *Id.*

**4.** Mr. Blaylock's explanation was, "What I did was I took the last three years, '94, '95 and '96 expenses and since they will vary from item to item from year to year I stabilized those to reflect in my best judgment based on the historic expenses what the expenses will be."

It based that allowance on the finding that there was a waiting list for each property, concluding:

> Market vacancy and collection losses for similar, but unsubsidized apartments, is 4% per year. No evidence was presented concerning the actual vacancies in these properties. However, given the fact that a waiting list exists for each group of apartments, it is reasonable to find that actual vacancy and collection loss is substantially below market rates. Based on this conclusion, we find that the reasonable vacancy and collection loss is 1%.

Lebanon Properties' appraiser, Mr. Blaylock, used a vacancy loss of 4%. He found that "there [was] a shortage of public housing and rent assisted properties"; that "there is a 6 to 8 month waiting list for tenants entitled to ... rental assistance." There was evidence, nevertheless, that vacancies occurred that resulted in lost rent. Mr. Blaylock testified that when he had been on the properties doing his valuations there were vacancies; that on a later date when he photographed the properties for his report, "one of the photographs showed no furniture in two of the apartments that [he] looked at."

The commission's determination of the allowance for apartment vacancies was not supported by evidence of the history of these particular properties, nor was it based on established industry standards. It was not supported by substantial and competent evidence. Lebanon Properties' assertion that the commission's determination of this item of expense was arbitrary and capricious is well founded.

### Capitalization Rate

■ The commission explained how it determined the capitalization rate to be .0578. The commission took notice of the effective tax rate of .0075. It determined the correct mortgage rate was .0203. It found with respect to the equity rate:

> Investors expect a return on and a return of their investment. The mortgage documents limit the return on equity to 8%. [The assessor's] 8% rate fails to consider return of investment. Typical equity rates are 12% to 18%. Because of the low risk, a 15% return is generous. The correct equity rate is .0300. (.20 × .15 = .0300).

Lebanon Properties acknowledges that a capitalization rate is a combination of (1) the effective tax rate, (2) the interest mortgage rate and (3) the equity rate. It does not contest the commission's finding with respect to factors (1) and (2). It asserts error in the determination of factor (3), the equity rate.

Lebanon Properties argues that the commission's determination of the equity rate found the investment to be "low risk." It contends, contrary to that finding, that there is substantial risk involved in its investment; that this risk is an important factor the commission failed to consider in its development of the equity return rate. Lebanon Properties contends the favorable interest rate it enjoys would be lost if it did not comply with mandated government policies, procedure, and reporting requirements for rent-subsidized projects. It argues that the possibility of it losing the favorable interest rate should have been considered in determining the equity return rate.

This court finds Lebanon Properties' argument less than credible. Nothing in the record gives cause to believe that Lebanon Properties is ineffective in dealing with government agencies or managing its business activities. Nothing in the record gives cause to believe Lebanon Properties would place the substantial economic benefits it enjoys in jeopardy by failing to

comply with government requirements. To expect that to occur defies logic. *See Missouri Baptist Children's Home v. State Tax Com'n,* 867 S.W.2d 510, 514 (Mo. banc 1993).

Point I is well taken with respect to its claim of error in determining the allowance for vacancies at the properties being valued. In all other respects, Point I fails.

■ Point II asserts the commission's decision is based on assessing the credibility of witnesses; that because it was the hearing officer before whom testimony was given, the commission is required to defer to the hearing officer in those determinations.

■ The standard of review by a commission of a hearing officer's decision is *de novo. See* Charles H. Koch, Jr., Administrative Law and Practice § 11.10[3](a) (2d ed.1997). The extent of that review extends to credibility as well as questions of fact. *Id.* at § 5.64[5](d). Although this court has not observed a definitive statement in any Missouri case related to the commission, the principle stated above has been noted with respect to other administrative agencies. *E.g., Davis v. Research Medical Center,* 903 S.W.2d 557, 569 (Mo. App.1995), notes, with respect to the Labor and Industrial Relations Commission's review of an administrative law judge's award, "[T]he Commission is not bound to yield to his or her findings, including those relating to credibility, and is authorized to reach its own conclusions." Point II is denied.

The order of the commission is reversed as to its valuation of the three real estate tracts that are the subject of this appeal in that the vacancy allowance of 1% used to calculate the value of the tracts of real estate is not supported by substantial and competent evidence. This court finds no error on the other issues asserted by Lebanon Properties. The judgment of the trial court affirming the order is reversed. The case is remanded with directions that the trial court enter judgment remanding the case to the commission with directions to enter a decision consistent with this opinion.

GARRISON, P.J., and PREWITT, J., concur.