

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

---

## NO.  2-08-298-CR

---

PAUL JONES                                                          APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

------------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Paul Jones appeals his conviction and seventeen-year sentence for felony driving while intoxicated enhanced by a prior DWI conviction.  In three points, he argues that the trial court abused its discretion by admitting into evidence records of prior convictions because there was no evidence to link Appellant to those convictions.  We affirm.

---

[1] See Tex. R. App. P. 47.4.

## Background

A grand jury indicted Appellant for DWI. The indictment alleged two prior DWI convictions from 1990 and 2005 and, as an enhancement paragraph, another DWI conviction from 1991. Appellant stipulated that he was the defendant convicted in the 1990 and 2005 DWI convictions. A jury found Appellant guilty as alleged in the indictment.

At the trial's punishment phase, the State offered the testimony of one witness, J.P. Patterson, an investigator with the Denton County District Attorney's Office. Through Patterson, the State offered the following exhibits:

| | |
|---|---|
| State's Exhibit 5: | 1984 DWI conviction record |
| State's Exhibit 6: | 1988 DWI conviction record |
| State's Exhibit 7: | 1989 DWI conviction record |
| State's Exhibit 8: | "Pen Packet" for 1991 DWI conviction |
| State's Exhibit 9: | 2005 DWI conviction record. |
| State's exhibit 10: | Certified driving record reflecting DWI convictions in 1968, 1984, 1988, 1991, and 2005. |

Appellant made no objections to exhibits 6, 7, or 9. He made a relevance objection to exhibit 5, arguing, "There's no identifying information that would prove this particular individual is one and the same person set forth on that judgment." He made relevance and hearsay objections to exhibit 8, again

2

arguing that the State had failed to prove that he was the same person referred to in the pen packet. The trial court overruled his objections and admitted the exhibits.

The jury assessed punishment at confinement for seventeen years, and the trial court rendered judgment accordingly.

**Discussion**

In his second and third points, Appellant argues that the trial court abused its discretion by admitting exhibits 5 and 8 because the State failed to prove that he is the person referred to in those exhibits.

To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a conviction exists and (2) the defendant is linked to the conviction. *Flowers v. State*, 220 S.W.3d 919, 921–22 (Tex. Crim. App. 2007). No specific document or mode of proof is required to prove these two elements. *Id.* There is no "best evidence" rule in Texas that requires that the fact of a prior conviction be proven with any document, much less any specific document. *Id.* While evidence of a certified copy of a final judgment and sentence may be a preferred and convenient means, the State may prove both of these elements in a number of different ways, including (1) the defendant's admission or stipulation, (2) testimony by a person who was present when the person was convicted of the specified

3

crime and can identify the defendant as that person, or (3) documentary proof (such as a judgment) that contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted. *Id.* Just as there is more than one way to skin a cat, there is more than one way to prove a prior conviction. *Id.; see, e.g., Branch v. State,* 932 S.W.2d 577, 584 (Tex. App.—Tyler 1995, no pet.) (holding combination of testimony concerning defendant's driver's license number and date of birth; driving record reflecting license number, date of birth, and prior conviction docket numbers; and prior conviction records reciting docket numbers sufficient to connect convictions to defendant); *see also Littles v. State*, 726 S.W.2d 26, 32 (Tex. Crim. App. 1987) (op. on reh'g) (holding combination of expert testimony concerning fingerprint comparison and photograph comparison by jury sufficient); *Gollin v. State*, 554 S.W.2d 683, 686–87 (Tex. Crim. App. 1977) (holding testimony that photograph and physical description in pen packet was the defendant was sufficient), *overruled on other grounds by Littles*, 726 S.W.2d at 28; *Garza v. State*, 548 S.W.2d 55, 56–57 (Tex. Crim. App. 1977) (holding stipulations of a defendant sufficient); *Ward v. State*, 505 S.W.2d 832, 837 (Tex. Crim. App.) (holding testimony of a witness who personally knew defendant and the fact of his prior conviction sufficient), *cert.*

4

*denied*, 419 U.S. 864 (1974).  These methods are not exclusive.  As the court

of criminal appeals noted in *Human v. State*,

> [T]he proof that is adduced to establish that the defendant on trial
> is one and the same person that is named in an alleged prior
> criminal conviction closely resembles pieces of a jigsaw puzzle.
> The pieces standing alone usually have little meaning.  However,
> when the pieces are fitted together, they usually form the picture
> of the person who committed the alleged prior conviction or
> convictions.

749 S.W.2d 832, 835–36 (Tex. Crim. App. 1988).  The trier of fact fits the

pieces of the jigsaw puzzle together and weighs the credibility of each piece.

*Flowers*, 220 S.W.3d at 923.[2]

Turning to the "jigsaw puzzle" in this case, we first consider exhibit 5.

Exhibit 5 is a certified record of an October 30, 1984 DWI conviction in cause

number 5870 in Dallam County.  The defendant was "Paul Eugene Jones."

Exhibit 6—to which Appellant had no objection—is the record of a 1988 DWI

conviction.  The charging information in that case alleged that the

defendant—Paul Eugene Jones—had previously been convicted of DWI "on the

30th Day of October, 1984, in the County Court at Law of Dallam County,

Texas, Cause Number 5870."  The defendant in exhibit 6 pleaded "no contest"

---

[2] Appellant phrases his points in terms of the trial court's discretion to
admit the evidence of the prior convictions rather than the sufficiency of the
evidence to support the jury's finding that he was the defendant in the prior
convictions.

to the information's allegations. The judgment recites that the defendant's date of birth was "1–12–43" and that his Texas driver's license number was 32209548.

Likewise, exhibit 7—to which Appellant had no objection—is the record of a 1990 DWI conviction against defendant Paul Eugene Jones. The indictment in exhibit 7, like the information in exhibit 6, alleged that the defendant had previously been convicted of DWI "on the 30th day of October, 1984, in the County Court of Dallam County, Texas, in Case Number 5870." The judgment shows that the defendant pleaded guilty to the indictment. Appellant stipulated that he is the defendant referred to in the 1990 conviction. The judgment recites Appellant's date of birth as "1–12–43" and his driver's license number as 32209548TX.

Thus, in addition to the fact that the defendant in exhibit 5 had the same name as Appellant, the conviction in exhibit 5 is connected to Appellant through the conviction records in exhibits 6 and 7, which were admitted without objection. Both exhibits 6 and 7 allege the exhibit 5 conviction as a prior conviction, and the defendant pleaded no contest to the allegations in exhibit 6 and guilty to the allegations in exhibit 7. Appellant admitted that he was the defendant in the exhibit 7 conviction. The driver's license and date of birth reflected in both exhibits 6 and 7 show that he is also the defendant in the

exhibit 5 conviction. Considering all of these puzzle pieces, we hold that the evidence is sufficient to prove that Appellant was the defendant in the exhibit 5 conviction. Thus, the trial court did not abuse its discretion by overruling Appellant's objection and admitting the exhibit, and we overrule his third point.

Exhibit 8 is the pen packet for the 1991 DWI conviction of "Paul Eugene Jones." The packet's cover page notes that the fingerprints in the original records are of poor quality. The packet contains a black and white photocopy of the defendant's full-face and profile mug shot. It recites the defendant's date of birth as "1–12–43" and recites his height, weight, eye and hair color, and skin tone ("ruddy"). The indictment in exhibit 8 alleges that the defendant had been convicted of DWI in Denton County in 1988 in cause number 942852—the conviction in exhibit 6, to which Appellant had no objection. Exhibit 8 also contains the defendant's distinctive signature, as do exhibits 6 and 7.

Thus, in addition to reciting Appellant's name, exhibit 8 is connected to Appellant by the birth date established by other exhibits to be Appellant's. The trial court and jury could also compare the pen packet's mug shot and description of height, weight, eye and hair color, and skin tone to Appellant's physical appearance at trial. Further, the trial court and jury could compare the defendant's signature in exhibit 8 to the signatures in the unobjected-to exhibits

7

6 and 7. Putting the pieces of the puzzle together, we hold that the evidence is sufficient to prove that Appellant was the defendant in the exhibit 8 pen packet. Thus, the trial court did not abuse its discretion by overruling Appellant's objection and admitting the exhibit, and we overrule his second point.

In his first point, Appellant argues the trial court abused its discretion when it overruled his hearsay objection to Patterson's testimony about Appellant's "SID" or State Identification Number, which is also recited in exhibit 8. Because there was enough evidence to link the exhibit 8 conviction to Appellant even without the SID, we need not reach Appellant's first point. *See* Tex. R. App. P. 47.1.

### Conclusion

Having overruled Appellant's second and third points and not having reached his first point, we affirm the trial court's judgment.


ANNE GARDNER
JUSTICE

PANEL: CAYCE, C.J.; GARDNER and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 2, 2009