COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-08-298-CR

 

 

PAUL JONES                                                                      APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM THE 158TH
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Paul Jones appeals his conviction and
seventeen-year sentence for felony driving while intoxicated enhanced by a
prior DWI conviction.  In three points,
he argues that the trial court abused its discretion by admitting into evidence
records of prior convictions because there was no evidence to link Appellant to
those convictions.  We affirm.








                                            Background

A grand jury indicted Appellant for DWI.  The indictment alleged two prior DWI
convictions from 1990 and 2005 and, as an enhancement paragraph, another DWI
conviction from 1991.  Appellant
stipulated that he was the defendant convicted in the 1990 and 2005 DWI
convictions.  A jury found Appellant
guilty as alleged in the indictment. 

At the trial=s
punishment phase, the State offered the testimony of one witness, J.P.
Patterson, an investigator with the Denton County District Attorney=s
Office.  Through Patterson, the State
offered the following exhibits:

State=s
Exhibit 5: 1984 DWI conviction record

State=s
Exhibit 6: 1988 DWI conviction record

State=s
Exhibit 7: 1989 DWI conviction record

State=s
Exhibit 8: APen
Packet@ for
1991 DWI conviction

State=s
Exhibit 9: 2005 DWI conviction record.

State=s exhibit 10:        Certified
driving record reflecting DWI convictions in 1968, 1984, 1988, 1991, and 2005.

 








Appellant made no objections to exhibits 6, 7, or 9.  He made a relevance objection to exhibit 5,
arguing, AThere=s no
identifying information that would prove this particular individual is one and
the same person set forth on that judgment.@  He made relevance and hearsay objections to
exhibit 8, again arguing that the State had failed to prove that he was the
same person referred to in the pen packet. 
The trial court overruled his objections and admitted the exhibits.

The jury assessed punishment at confinement for
seventeen years, and the trial court rendered judgment accordingly. 

                                             Discussion

In his second and third points, Appellant argues
that the trial court abused its discretion by admitting exhibits 5 and 8
because the State failed to prove that he is the person referred to in those exhibits.













To establish that a defendant has been convicted
of a prior offense, the State must prove beyond a reasonable doubt that (1) a
conviction exists and (2) the defendant is linked to the conviction.  Flowers v. State, 220 S.W.3d 919, 921B22 (Tex.
Crim. App. 2007).  No specific document
or mode of proof is required to prove these two elements.  Id. 
There is no Abest evidence@ rule in
Texas that requires that the fact of a prior conviction be proven with any
document, much less any specific document. 
Id.  While evidence of a
certified copy of a final judgment and sentence may be a preferred and
convenient means, the State may prove both of these elements in a number of
different ways, including (1) the defendant=s
admission or stipulation, (2) testimony by a person who was present when the
person was convicted of the specified crime and can identify the defendant as
that person, or (3) documentary proof (such as a judgment) that contains
sufficient information to establish both the existence of a prior conviction
and the defendant=s identity as the person
convicted.  Id.  Just as there is more than one way to
skin a cat, there is more than one way to prove a prior conviction.  Id.; see, e.g., Branch v. State, 932
S.W.2d 577, 584 (Tex. App.CTyler
1995, no pet.) (holding combination of testimony concerning defendant=s driver=s
license number and date of birth; driving record reflecting license number,
date of birth, and prior conviction docket numbers; and prior conviction
records reciting docket numbers sufficient to connect convictions to
defendant); see also Littles v. State, 726 S.W.2d 26, 32 (Tex. Crim.
App. 1987) (op. on reh=g) (holding combination of
expert testimony concerning fingerprint comparison and photograph comparison by
jury sufficient); Gollin v. State, 554 S.W.2d 683, 686B87 (Tex.
Crim. App. 1977) (holding testimony that photograph and physical description in
pen packet was the defendant was sufficient), overruled on other grounds by
Littles, 726 S.W.2d at 28; Garza v. State, 548 S.W.2d 55, 56B57 (Tex.
Crim. App. 1977) (holding stipulations of a defendant sufficient); Ward v.
State, 505 S.W.2d 832, 837 (Tex. Crim. App.) (holding testimony of a
witness who personally knew defendant and the fact of his prior conviction
sufficient), cert. denied, 419 U.S. 864 (1974).  These methods are not exclusive.  As the court of criminal appeals noted in Human
v. State,

[T]he proof that is
adduced to establish that the defendant on trial is one and the same person
that is named in an alleged prior criminal conviction closely resembles pieces
of a jigsaw puzzle.  The pieces standing
alone usually have little meaning. 
However, when the pieces are fitted together, they usually form the
picture of the person who committed the alleged prior conviction or
convictions.

 

749 S.W.2d 832, 835B36 (Tex.
Crim. App. 1988).  The trier of fact fits
the pieces of the jigsaw puzzle together and weighs the credibility of each
piece.  Flowers, 220 S.W.3d at
923.[2]








Turning to the Ajigsaw
puzzle@ in this
case, we first consider exhibit 5. 
Exhibit 5 is a certified record of an October 30, 1984 DWI conviction in
cause number 5870 in Dallam County.  The
defendant was APaul Eugene Jones.@  Exhibit 6Cto which
Appellant had no objectionCis the
record of a 1988 DWI conviction.  The
charging information in that case alleged that the defendantCPaul
Eugene JonesChad previously been convicted of
DWI Aon the
30th Day of October, 1984, in the County Court at Law of Dallam County, Texas,
Cause Number 5870.@ 
The defendant in exhibit 6 pleaded Ano
contest@ to the
information=s allegations.  The judgment recites that the defendant=s date
of birth was A1B12B43"
and that his Texas driver=s license number was 32209548. 

Likewise, exhibit 7Cto which
Appellant had no objectionCis the
record of a 1990 DWI conviction against defendant Paul Eugene Jones.  The indictment in exhibit 7, like the
information in exhibit 6, alleged that the defendant had previously been
convicted of DWI Aon the 30th day of October,
1984, in the County Court of Dallam County, Texas, in Case Number 5870.@  The judgment shows that the defendant pleaded
guilty to the indictment.  Appellant
stipulated that he is the defendant referred to in the 1990 conviction.  The judgment recites Appellant=s date
of birth as A1B12B43"
and his driver=s license number as 32209548TX.








Thus, in addition to the fact that the defendant
in exhibit 5 had the same name as Appellant, the conviction in exhibit 5 is
connected to Appellant through the conviction records in exhibits 6 and 7,
which were admitted without objection. 
Both exhibits 6 and 7 allege the exhibit 5 conviction as a prior
conviction, and the defendant pleaded no contest to the allegations in exhibit
6 and guilty to the allegations in exhibit 7. 
Appellant admitted that he was the defendant in the exhibit 7
conviction.  The driver=s
license and date of birth reflected in both exhibits 6 and 7 show that he is
also the defendant in the exhibit 5 conviction. 
Considering all of these puzzle pieces, we hold that the evidence is
sufficient to prove that Appellant was the defendant in the exhibit 5
conviction.  Thus, the trial court did
not abuse its discretion by overruling Appellant=s
objection and admitting the exhibit, and we overrule his third point.

Exhibit 8 is the pen packet for the 1991 DWI conviction
of APaul
Eugene Jones.@ 
The packet=s cover page notes that the
fingerprints in the original records are of poor quality.  The packet contains a black and white
photocopy of the defendant=s
full-face and profile mug shot.  It
recites the defendant=s date of birth as A1B12B43"
and recites his height, weight, eye and hair color, and skin tone (Aruddy@).  The indictment in exhibit 8 alleges that the
defendant had been convicted of DWI in Denton County in 1988 in cause number
942852Cthe
conviction in exhibit 6, to which Appellant had no objection.  Exhibit 8 also contains the defendant=s
distinctive signature, as do exhibits 6 and 7.








Thus, in addition to reciting Appellant=s name,
exhibit 8 is connected to Appellant by the birth date established by other exhibits
to be Appellant=s.  The trial court and jury could also compare
the pen packet=s mug shot and description of
height, weight, eye and hair color, and skin tone to Appellant=s
physical appearance at trial.  Further,
the trial court and jury could compare the defendant=s
signature in exhibit 8 to the signatures in the unobjected-to exhibits 6 and
7.  Putting the pieces of the puzzle
together, we hold that the evidence is sufficient to prove that Appellant was
the defendant in the exhibit 8 pen packet. 
Thus, the trial court did not abuse its discretion by overruling
Appellant=s objection and admitting the
exhibit, and we overrule his second point.

In his first point, Appellant argues the trial
court abused its discretion when it overruled his hearsay objection to
Patterson=s testimony about Appellant=s ASID@ or
State Identification Number, which is also recited in exhibit 8.  Because there was enough evidence to link the
exhibit 8 conviction to Appellant even without the SID, we need not reach
Appellant=s first point.  See Tex. R. App. P.  47.1.

                                             Conclusion

Having overruled Appellant=s second
and third points and not having reached his first point, we affirm the trial
court=s
judgment.

 

 

ANNE
GARDNER

JUSTICE

 

PANEL:  CAYCE, C.J.; GARDNER and MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  July 2, 2009











[1]See Tex. R. App. P. 47.4.





[2]Appellant phrases his
points in terms of the trial court=s discretion to admit the evidence of the prior
convictions rather than the sufficiency of the evidence to support the jury=s finding that he was the
defendant in the prior convictions.